————o————

WM. B. ERWIN, Respondent, *vs.* SAMUEL ARTHUR, *et al.*, Appellants.

1. *Bailment—Sale of property in possession of bailee—Change of possession, what necessary.*—Where one has delivered a chattel, with authority conferred on the bailee to sell it and credit the amount on a debt owing by himself to the bailee, the bailor may afterward and before such sale is effected, sell the same chattel to a third party and vest in him a good title. And the sale will convey an immediate and valid title, notwithstanding that, at the time, the possession is in the bailee, and that no formal delivery is made by him to the purchaser. In the sale of personal property, it is not necessary that the vendor should be in possession at the time. And the possession of his agent or bailee after the sale, is the possession of the purchaser.

*Appeal from Jackson Special Law and Equity Court.*

*C. W. Chase*, for Respondent, cited 1 Pars. Contr., p. 442, 2d ed.; 2 Kent Com., top p. 710, § 522, 9th ed.; Dawes v. Cope, 4 Binn., 258; Babb vs. Clemson, 10 Serg. & R., 419; Fletcher vs. Howard, 2 Aikens, 115.

*M. Campbell*, for Appellant, cited Hil. Sales, p. 7, § 11; Sto. Sales, § 300; Williams vs. Evans, 39 Mo., 201; Willis vs. Willis, 6 Dana, 48; Sweeney vs. Owsley, 14 B. Mon., 413; 2 Kent Com., 492–3; Hooban vs. Bidwell, 16 Ohio, 509; Wing vs. Clark, 24 Me., 366; 7 Bush., 268, 272, 274; 8 How., U. S., 384; 7 Ark., 197; Bass vs. Walsh, 39 Mo., 192.

WAGNER, Judge, delivered the opinion of the court.

This was an action of replevin to recover the possession of a jack. Defendant, Ford, set up title in himself, and both parties claimed under one Cory. Plaintiff's testimony tended to show that in May, 1872, he purchased the jack of Cory and paid him for it.

Defendant's evidence tended to show that Cory delivered the jack to Ford, in March, 1872, and authorized him to sell it, and credit the amount that he received for it on a debt which Cory owed him.

The court gave but one instruction to the jury, and that was, that, if they believed from the evidence that the plaintiff, Erwin, purchased the jack from Cory, and that Cory was at the time of such purchase the lawful owner thereof, and entitled to the possession of the said jack, then the jury should find for the plaintiff.

There was a verdict and judgment for plaintiff, and the defendant brings the case here by appeal. From the verdict the jury must have found that, at the time of the sale to plaintiff, the animal was the property of Cory, and that he was entitled to possess it at any time.

The credibility of the defendant's testimony was for the jury. But even on the hypothesis that Cory delivered the animal to Ford and authorized him to sell it, it does not appear that he parted with his right of property. He merely constituted Ford his agent to dispose of the property, and appropriate the proceeds in a certain way; but the appointment was not irrevocable. Cory retained the *jus disponendi*, and could exercise it at any time.

In the sale of personal property, in order to pass the title to the vendee, it is not necessary that the vendor should be in the possession. The sale may be entirely good although the goods are in the possession of a third party. (Benj. on Sales, Am. Ed., § 6, n. *a*.) When the goods are in the possession of a bailee or agent of the seller, a completed or absolute sale confers an immediate and valid title to the purchaser without any formal delivery of the possession; the

possession of the bailee or agent then becomes that of the purchaser, and operates not merely as a transfer of a right of action, but of the goods themselves. (Williams vs. Evans, 39 Mo., 209, and cases cited.) Such being the case, the sale by Cory to plaintiff operated as a transfer of the animal, and entitled plaintiff to the possession.

Wherefore the judgment must be affirmed. All the other judges concur.