## HENRY BREWER V. BLANTON & DEVEREAUX.

### (Case No. 2041.)

1. VENDOR AND VENDEE—PRIOR DEBT—Failure of the vendee to credit the vendor with the amount of the purchase money, under an agreement that it be credited upon the vendor's prior indebtedness, is of importance in a trial of the right of property, only in determining the *bona fides* of the sale.
2. EXECUTED SALE—COLLATERAL AGREEMENT—See opinion for case in which the sale was complete and the title passed, although there was an executory agreement as to delivery.
3. JUSTICE COURT—APPEAL—Objections cannot be heard in this court, for the first time, to irregularities occurring in perfecting appeal from the justice court to the district court.

APPEAL from Nacogdoches. Tried below before the Hon. R. S. Lovett, Special Judge.

This was a trial of the right of property to a quantity of seed cotton valued at $101.77. January 18, 1886, the property was seized under an execution upon a judgment in favor of plaintiff in the case,

of H. E. Brewer & Co. *v.* Joshua Nichols. It was claimed by appellees under a contract of sale which appears in the opinion of the court. The trial in the justice court resulted in favor of plaintiffs, Brewer & Co. Upon appeal to the district court, with a bond in the name of H. E. Brewer, the trial *de novo* resulted in favor of appellees, Blanton & Devereaux.

*Geo. F. Ingraham,* for appellant, cited: Ross *v.* Korurumpf, 64 Tex., 390; Railway Company *v.* Larkin, 64 Tex., 454; Woods *v.* Half, 44 Tex., 633; 1 White & Wilson, sec. 78; Benjamin on Sales, (Ed. 1877) secs. 3, 308, 309, 310, 311, 319,320, and note 1; Laws Eighteenth Leg. p. 91.

*Wood & Arnold,* for appellees, cited: 21 Tex., 539; 23 Tex., 248; 51 Tex., 322; 54 Tex., 206; 64 Tex., 390; Numsen *v.* Ellis, 3 Ct. Ap. Civil Cases, sec. 170; Cleveland *v.* Williams, 29 Tex., 211; Benjamin on Sales, sec 311; Railway Company *v.* Smith, 58 Tex.. 72: Herndon *v.* Bremond, 17 Tex., 432; 1 W. & W., secs. 911, 927.

STAYTON, ASSOCIATE JUSTICE.—The appellees claimed to have purchased the cotton levied upon, from Nichols, who raised the same on his farm during the year 1885. The instrument by which they claim to have made the purchase was as follows:

"STATE OF TEXAS, ⎫
  COUNTY OF RUSK. ⎬ Know all men by these presents, that I, Joshua Nichols, of the county of Nacogdoches and state of Texas, have this day, for and in consideration of the sum of $175 in hand paid, bargained, sold and conveyed, and by these presents do convey unto Blanton & Devereaux, of the county of Rusk and state of Texas, my entire crop of cotton raised by myself and family the present year on my place in Nacogdoches county, Texas, and I agree to deliver said cotton to them at Lucas gin, as fast as gathered.

This Oct. 23, 1885.                    JOSHUA NICHOLS."

The appellees claim that the consideration named in the bill of sale was a part of the sum which Nichols then owed to them, which, to the extent of the sum named, it was agreed should thus be satisfied. It is urged that the court erred in permitting a witness to state why the appellees did not enter a credit on their books for the agreed price of the cotton. This was a matter of no importance, except as the failure to do so was a fact which the judge trying the case might consider in determining the *bona fides* of the transaction between the parties. If such was the agreement, the title of the purchasers could not be affected by their failure to enter the credit to Nichols.

It is also urged that the contract between the parties was executory, that the property remained the property of Nichols until it was seized under the execution against him in favor of Brewer & Co.   We are of the opinion that the written instrument between the parties evidences an executed contract, through which the title to the property vested in the appellees.   The thing sold was clearly identified and the price to be paid fully agreed upon, and there is nothing whatever to indicate that the parties intended that any fact should be ascertained, or act performed before the sale should become complete.   The fact that Nichols agreed to perform certain services for the appellees in reference to the thing sold, does not affect the question.   The contract is executory in so far as Nichols agreed to deliver the cotton at a gin, but not so as to the sale of the cotton.

The court below found that the purchase was made in good faith, and that the written instrument evidenced an executed contract, and the finding cannot be disturbed.   Objections cannot be heard in this court, for the first time, to irregularities which may have occurred in perfecting an appeal from a justice court to the district court.

The judgment of the court below will be affirmed.

AFFIRMED.

[Opinion delivered October 19, 1886.]