JAMES WALRAVEN V. FARMERS AND MERCHANTS NATIONAL
BANK ET AL.

Decided October 18, 1899; December 6, 1899.

**1. Res Judicata—Land Belonging to State.**

A party to a judgment can not, it seems, avoid its effect by showing that the land which was the subject of litigation belonged at the time to the State.

ON REHEARING.

**2. Res Judicata—Foreclosure—Mortgagor's Title.**

While it is proper, in an action to foreclose a mortgage, to make anyone claim·ing under the mortgagor a party to the suit, the mortgagor's title to the land can not properly be put in issue.

**3. Same—School Land—Conflicting Claimants—Fraud in Purchase.**

In a suit for school land by one who had purchased it under the Act of 1883, a defendant claiming it by subsequent settlement and application to purchase under the Act of 1887 was not precluded, by the fact that he had been a party defendant to a judgment foreclosing a mortgage given by the owner of such older title, from asserting its invalidity because based on a false affidavit as to the nature of the soil.

APPEAL from Sterling. Tried below before Hon. J. W. TIMMINS.

*W. F. Kellis, J. T. Thomson,* and *D. D. Wallace,* for appellant.

*Bomar & Bomar,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title. The plaintiff has obtained judgment and the defendant has appealed. There is no statement of facts in the record, the case being submitted in this court upon the judge's findings of fact. These findings are as follows:

"1. Southern Pacific Railroad Company survey No. 8, in block 13, in Sterling County, Texas, described in plaintiff's petition, is State school land, and was, by direction of the Commissioner of the General Land Office of Texas, classified by H. B. Tarver, under the Act of 1881, as shown by the official classification and appraisement on file in the General Land Office, as grazing land, and appraised at $1 per acre, which classification and appraisement was filed in the General Land Office in 1882.

"2. That M. Z. Smissen applied to purchase said land and six other sections under the Act of April 12, 1883, on November 1, 1883, at $2 per acre, describing same as 'light and gravelly soil, grass curly mesquite, timber small mesquite, water none,' and swore that the description was true, which application was filed with the land board on November 16, 1883, and said land and the remaining six sections applied for by him was duly awarded to said Smissen by said land board at Austin, and not in the county where situated, on January 10, 1884. That said Smissen entered into the possession of said land by inclosing it in a large pasture

with many other sections, and he and those claiming under him have since made all payments of both principal and interest on same required under said act and subsequent acts.

"3. That the plaintiffs claim under a regular chain of title from and under said Smissen; that the first deed in the chain of title is a quitclaim deed from M. Z. Smissen to A. Schuster, dated July 21, 1892, signed only by said Smissen, and acknowledged as in case of ordinary quitclaim deeds.

"4. That on December 15, 1895, in the District Court of Tarrant County, Texas, in the cause of John W. Trevathen versus A. N. Schuster et al., being a suit brought to foreclose a mortgage or trust deed on said land and other lands, made by A. N. Schuster and A. Schuster to secure a debt of A. N. Schuster, who claimed title under Smissen, and to which the defendant James Walraven was made a party and duly served, a judgment was rendered against all the defendants, including the defendant Walraven, duly foreclosing said mortgage lien and decreeing the sale of said land, which was done, and plaintiffs claim under the purchase of same.

"5. That defendant settled on said land in the year 1891, and applied to purchase same on March 21, 1898, under the Act of 1887, and tendered the necessary purchase money to the proper officer of the State of Texas, and same was refused on the ground of the prior sale to Smissen, and defendant has ever since been in possession and is now. ·

"6. The rental value of said land is three cents per acre per annum.

"7. That said land was at the time that Smissen made his application to purchase same, and is now, dry land without permanent water, but the soil is very rich and deep, and well suited for farming purposes, and that said Smissen well knew these facts at the time he made the application.   He was not a purchaser in good faith of said land."

*Opinion.*—The trial court held as a conclusion of law that appellant was concluded by the judgment referred to in the findings of fact. Counsel for appellant assail this ruling and contend that public free school land, the title to which is still in the State, is not the lawful subject matter of adjudication by any court.

In Lamb v. James, 87 Texas, 485, our Supreme Court held that public lands belonging to the State could not become the lawful subject matter of a contract between private individuals not having any right to the land; but that decision is not authority for the proposition that a party to a judgment of a domestic court can avoid the effect of the judgment by showing that the land which was the subject matter of litigation belonged to the State.   The suit in Tarrant County put in issue that question and appellant's right to the land, and if he had made the same defense in that case that he attempts to make in this, undoubtedly the matter would have been res adjudicata; and, having had the opportunity of making his defense and assailing Smissen's purchase in that

case, he is as conclusively bound by the judgment as though he had done so and that court had held that Smissen was a purchaser in good faith and had acquired title from the State.

The District Court correctly disposed of the case, and its judgment will be affirmed.

*Affirmed.*

### OPINION ON MOTION FOR REHEARING.

Both parties claim under titles emanating from the State. Appellee's is the older title; and if appellant is estopped from denying its validity, of course it must prevail against his junior title. In affirming the judgment we approved the ruling of the trial court in holding that the judgment of the District Court of Tarrant County, rendered December 15, 1895, was conclusive and precluded appellant from assailing appellee's title. Upon further consideration we are convinced that we committed error in this respect, and that the ruling referred to can not be sustained upon the record presented to this court.

There is no statement of facts in the transcript; and the Tarrant County judgment is described in this manner in the judge's findings of fact:

"4. That on December 15, 1895, in the District Court of Tarrant County, Texas, in the case of John W. Trevathan versus A. N. Schuster et al., being a suit brought to foreclose a mortgage or trust deed on said land and other lands, made by A. N. Schuster and A. Schuster to secure a debt of A. N. Schuster, who claimed title under Smissen, and to which the defendant James Walraven was made a party and duly served, a judgment was rendered against all the defendants, including the defendant Walraven, duly foreclosing said mortgage lien and decreeing the sale of said land, which was done, and plaintiffs claim under the purchase of same."

Appellees claim under the Schuster title; and if it were shown that that title had in fact been litigated in the Tarrant County case, then it would be proper to hold that the validity of that title was now res adjudicata.

And the same conclusion might be reached if that issue could properly have been raised in that case. But in an action to foreclose a mortgage, while it is proper to make anyone claiming under the mortgagor a party to the suit, the mortgagor's title to the land can not properly be put in issue. Faubion v. Rogers, 66 Texas, 473; Wolf v. Harris, 48 S. W. Rep., 529.

The motion for a rehearing is granted, the judgment of the District Court set aside, and the cause remanded for another trial.

*Reversed and remanded.*