## D. C. BRANT v. J. T. LANE ET AL.

Decided March 13, 1909.

**1.—Trustee's Sale—Chattels—Delivery of Possession.**

The fact that at the time of a sale of personal property by the trustee in a deed of trust, the property was not present at the place of sale but was within the possession of a sheriff of another county who was holding the same under legal process, would not render the sale invalid in the absence of evidence that by an agreement between the parties delivery of possession was a condition precedent to the validity of the sale.

**2.—Same—Foreclosure of Mortgage.**

A sale of mortgaged property under a deed of trust divests the mortgagor of his title to the property and vests the same in the purchaser, and thereafter, when the mortgagee becomes the purchaser of the property, his relation to the same is that of owner and not of lien-holder. The lien is merged into title.

**3.—Same—Foreclosure—Parties.**

Mortgaged property was seized and sold under execution; thereafter the mortgagee caused the said property to be sold by the trustee in accordance with the terms of the mortgage and he became the purchaser. In a suit by the mortgagee against the mortgagor for his debt and to foreclose the mortgage lien, held:

(1) By reason of the trustee's sale, the mortgagee had no lien; the lien had been merged into title.

(2) The purchaser at the sheriff's sale was not a proper party to the suit by the mortgagee against the mortgagor for debt and foreclosure.

(3) A plea of privilege by the purchaser at sheriff's sale to be sued in the county of his residence when joined in said suit by the mortgagee against the mortgagor, should have been sustained.

**4.—Judgment—Absence of Pleading.**

When in a suit for debt the defendant filed no answer asking for such relief, it was error for the court to allow the defendant credit for an amount which the evidence may show he was entitled to.

**5.—Plea of Privilege—Jurisdiction—Statute Construed.**

Under provisions of the Act of the 30th Legislature (Gen. Laws, 1907, p. 248) when a plea of privilege is sustained, the cause should not be dismissed but should be transferred to the proper county and court.

**6.—Cases Distinguished.**

Cardwell v. Masterson, 27 Texas Civ. App., 591, and Cobb v. Barber, 92 Texas, 309, distinguished.

Error from the County Court of Jack County. Tried below before Hon. Sil Stark.

*Sporer & McClure,* for plaintiff in error.—As said property was not present at the time of said sale by the trustee under said chattel mortgage, the sale was invalid and no title passed to the plaintiff by reason of said sale. Fulghum v. Williams, 88 Am. St. Rep., 48; 2 Cobbey, Chat. Mort., sec. 969.

The court erred in allowing the defendant J. T. Lane a credit of one hundred and fifty dollars on said note, as said Lane had filed no answer in said cause asking any relief, and judgment by default had been rendered against him. Niblett v. Shelton, 28 Texas, 548; Ricks v. Pinson, 21 Texas, 507; Watson v. Newsham, 17 Texas, 437.

The two causes of action (if they may be termed two causes of action) are connected with each other and grow out of the same transaction and may be properly joined, and as the plaintiff may assert a common or alternative liability against all the defendants, they are properly joined as codefendants in this suit. Templeman v. Gresham, 61 Texas, 50; Harris v. Cain, 41 Texas Civ. App., 139; Hoskins v. Velasco Nat'l Bank, 48 Texas Civ. App., 246; Mathonican v. Scott, 87 Texas, 396, and cases therein cited.

This suit being instituted against the defendant Lane, who resides in Jack County, Texas, to recover balance due on the note sued on and to foreclose plaintiff's chattel mortgage lien on said mules, and also to recover their value against the defendants Webb and Rhoades for unlawfully converting them to their own use, and thus to subject the mules or their value to the payment of the note sued on, the plaintiff had the right to join in this suit both said defendants, and to have the rights of all parties settled at one time in one suit. Cobb v. Barber, 92 Texas, 309; Parlin & Orendorff v. Moore, 66 S. W., 798; Cardwell v. Masterson, 27 Texas Civ. App., 591; Sawyer v. First Nat'l Bank, 93 S. W., 153; Sawyer v. Wiesser & Co., 37 Texas Civ. App., 291; Sun Ins. Office v. Beneke, 53 S. W., 98.

*Nicholson & Fitzgerald,* for defendant in error.—No brief.

CONNER, CHIEF JUSTICE.—Plaintiff in error instituted this suit against J. T. Lane upon a promissory note for three hundred and fifty dollars and to foreclose a lien, evidenced by a trust deed which had been duly recorded in Jack County, upon two mules, on which it was alleged defendants in error Webb and Rhoades were asserting some kind of right. Webb, among other things, answered that the plaintiff's lien had been foreclosed by a sale of the mules to plaintiff by vir-

tue of the power given in the trust deed; that the sole purpose of the assertion of the lien was to improperly give the County Court of Jack County jurisdiction over his person; that he, Webb, had bought the mules at a sale by the sheriff of Parker County, in whose possession the mules were at the time of plaintiff's said purchase, by virtue of process against J. T. Lane, and he, Webb, pleaded to the jurisdiction of the court over his person, and asserted his privilege of being sued in Parker County, where he resided. Defendant Rhoades answered substantially as Webb, and further, that he had purchased the mules from Webb after the sheriff's sale, and urged his privilege of being sued in Hardeman County, where he resided. The trial was before the court without a jury and judgment was rendered in plaintiff's favor against J. T. Lane, who made default, for the amount sued for less the sum of one hundred and fifty dollars, the amount of plaintiff's bid at the sale and purchase under the trust deed, and in favor of Webb and Rhoades on their pleas to jurisdiction and of privilege.

There is no statement of facts, but we quote the court's findings, which are as follows:

"1st. I find that at the date of the institution of this suit, and also at this time, J. W. Webb was a resident citizen of Parker County, Texas, and that Mathie D. Rhoades is now a resident citizen of Hardeman County, Texas, and was at the date of this suit a resident citizen of Parker County, Texas.

"2d. I find that on February 5, 1907, J. T. Lane executed and delivered to plaintiff, D. C. Brant, his promissory note for $350, drawing interest at the rate of ten percent per annum from date until paid, said note being due on or before November 1, 1907; and at the same time, in order to secure payment of said above note, J. T. Lane made and executed to D. C. Brant a chattel mortgage on the following property: One pair of work mules, one of which was a black horse mule 9 or 10 years old and about fifteen hands high, and the other a bay mare mule about 8 years old and fifteen hands high; also one two-horse wagon and set of harness; one gray pony mare, and a one-fourth interest in crop of cotton grown on the K. E. Moore farm, all of said property being situated in Jack County, Texas. That said mortgage empowered trustee at request of D. C. Brant to sell and foreclose lien out of court by duly and legally advertising according to law; that said mortgage was duly filed for registration in Jack County, Texas, on March 21, 1907.

"3d. I find that on the 18th day of November, A. D. 1907, after due and legal notice had been given, plaintiff foreclosed the above-described chattel mortgage out of court according to terms of same, and caused to be sold by the trustee named in said chattel mortgage, by and with the consent of the said J. T. Lane, all of the property mentioned and described in said mortgage, at the courthouse door in Jacksboro, Jack County, Texas, to the highest and best bidder, and that plaintiff became the purchaser of all of said property at said sale; that all the property except the field of cotton and the mules were present at said sale; that the cotton was ungathered and in the field near Gibtown, Jack County, Texas, and at the time of sale said mules were in Parker County in the possession of the sheriff of the last-

named county; and all of which was well-known to plaintiff D. C. Brant at the time of sale, said possession of sheriff being without consent of D. C. Brant.

"4th. I find that on the 18th day of November, 1907, the note in suit was credited with the proceeds of the foreclosure sale, except the amount for which said mules were sold; that same was as follows: Wagon and harness, $39; gray pony, $27; cotton, $30; cotton, $24; that plaintiff D. C. Brant took possession of all property except the mules aforesaid.

"5th. I find that said mules were sold to plaintiff, D. C. Brant, at same time the other property mentioned in said mortgage was sold, and in the same way, and the price paid therefor was $150, and that said mules were worth on the market $200.

"6th. I find that after the foreclosure sale of said property in Jack County, Texas, as aforesaid, the said J. W. Webb purchased said mules at Weatherford, in Parker County, Texas, for the sum of $160; that the said J. W. Webb afterwards in said county sold said mules to Mathie D. Rhoades; that said Mathie D. Rhoades carried same to his home in Hardeman County, Texas.

"*Conclusions of law.*—1st. I find that the foreclosure sale under the chattel mortgage in Jack County, Texas, was a legal sale, and that in the purchase of all property at said sale, including the mules, the plaintiff D. C. Brant became the owner of said property by reason thereof.

"2d. I find that J. T. Lane should have credit on the note in suit of $150, the purchase price of said mules; that the said J. T. Lane is still indebted to plaintiff D. C. Grant in the sum of $112.25, balance after sale of all property mentioned in said mortgage, and that this amount the plaintiff D. C. Brant is entitled to his judgment for same against the said Lane alone.

"3d. I find that defendants, J. W. Webb and Mathie D. Rhoades, are not proper parties, and are improperly joined in this suit, and that this court has no jurisdiction over their persons."

The first assignment of error is as follows: "The court erred in holding that the sale of the said mules under said chattel mortgage was a valid sale, and that the plaintiff in error became the owner of said mules by reason of said foreclosure," under which plaintiff in error makes the following proposition: "As said property was not present at the time of said sale by the trustee under said chattel mortgage, the sale was invalid and no title passed to the plaintiff by reason of said sale." The court's findings show that the mules were in possession of the sheriff of Parker County at the time plaintiff purchased them under the trust deed, and this is the sole fact relied upon in support of the above assignment and proposition. But we do not think this alone shows the invalidity of the sale under the trust deed. Plaintiff in error cites the case of Fulghum v. Williams Co. (114 Ga., 643), 88 Am. St. Rep., 48, in which it was held that a sale of chattels under a power of sale in a mortgage passed no title where it was shown that at the time of the sale the property was in the possession of a sheriff by virtue of an execution sued out by a third party. The decision proceeded upon the theory that the sale under the mort-

.gage was a species of foreclosure of the lien; that the property was *in custodia legis,* and hence that a foreclosure was unauthorized. It is to be observed, however, that the plaintiff here presents no such case either by his proposition or statement. Nor has the court found beyond the mere fact that the mules were in possession of the sheriff at the time of the sale to plaintiff, and no evidence has been brought before us from which it can be said that the sheriff's possession was by virtue of any valid process, thus leaving us to determine from inferences only a fact necessary, as it seems to us, to fix the status of the mules as *in custodia legis.* The inferences, if any, are to be indulged in favor of the judgment, and if necessary to our conclusion we would perhaps be warranted in holding that it was not shown on the trial of this case that the mules were *in custodia legis* at the time of the sale under the trust deed.

But we do not care to avoid the force of the decision upon such distinction. The opinion itself, on its own facts, has been criticised and weakened—we think correctly so—by the editor of the Lawyers' Reports, Annotated, in a note to the case (volume 1, p. 1055 of the New Series) to which we refer for a more extended discussion. He observes generally, after a review of numerous authorities, that "as to the sale of personal property in custody of law, the weight of authority, as before stated, upholds the right of the owner to transfer it as if it had never been taken from him, and to pass title, subject to the incumbrance arising through lien and custody. He can not, of course, make an actual delivery of the thing sold, because it is in the hands of the law, but in such case symbolical delivery will do, and the title goes to the buyer subject to the custody. If the lien springing from the custody is satisfied the buyer's title becomes perfect." Mr. Tiedeman, in his work on Sales, section 84, p. 107, in discussing the subject of "Transfer of Title," says among other things that: "Delivery is not essential to the transfer of title unless it be shown that the parties did not intend to pass the title before delivery." To the same general effect are the following authorities: Griffin v. Chubb, 7 Texas, 613-614; Brewer v. Blanton & Devereaux, 66 Texas, 532; Hopkins v. Partridge, 71 Texas, 606; Robertson v. Hunt, 77 Texas, 321; Tome v. Dubois, 73 U. S., 548 (18 Law Ed., 943); Erwin v. Arthur, 61 Mo., 386; Tandler v. Saunders, 56 Mich., 142. It was expressly held in Gardner v. Bunn, 7 L. R. A., 729, that an owner might mortgage personal property at the time under the levy of an execution. To the same effect is the case of Brown v. Allen, 35 Ia., 309; Jones on Chattel Mortgages, section and p. 115. And in the case of Brown v. Loesch, 29 N. E. 451, it was held that an owner might lawfully sell chattels in the possession of an officer by virtue of an execution. It was said that: "The officer, having made a valid levy, has the right to retain possession and control of the property for the purpose of making it answer the demand of the writ. His special property and right of possession continue so long as the property is needed to satisfy the writ. Freem. Ex'ns, sections 135, 267, 268. The absolute title or general property in goods levied on by virtue of a writ remains in the owner, who may sell them while so in the custody of the sheriff, such sale being subject to the lien of the creditor, the execution plaintiff,

and subject to the officer's special title and right to retain possession for the purposes of the writ."

The right of Lane to the property in the mules in question was one that would undobutedly have descended to his heirs in event of his death, notwithstanding the possession of the sheriff of Parker County, whether by virtue of legal process or not, and the authorities cited above we think support the view, which we entertain, that in the absence of evidence showing that at the time of the sale to plaintiff in error delivery was a condition precedent to the sale, all the title that Lane had in and to the mules passed by virtue of the trustee's sale to plaintiff, and that hence the lien became merged in the final title thus brought about. True, this title would not avail plaintiff to disturb the officer's possession, if he had any by virtue of legal process, but if there was a valid levy and the officer held possession by virtue thereof, such levy may have been abandoned, or if the possession was wholly unauthorized or by virtue of void process, we see no reason why plaintiff by virtue of the sale to him might not be permitted in any such event to assert his right in the proper court; or even after sale under valid process, if any, to assert the priority, if any, of his right against the purchaser at such sheriff's sale. We do not find any sound reason for holding that the case should be otherwise where the sale is made by virtue of an express authority from the owner to do so. The authorized agent, in this case the trustee, is not required, as in the case of a sale by an officer under execution, to make delivery of the property, and it seems to us that a sale by one authorized to make it is just as effective to pass the title as if the sale had been made by the owner. We feel the more confirmed in the view above expressed by reason of the further fact that the court finds that the trustee's sale was made by and with the consent of J. T. Lane, from which in aid of the court's judgment we are perhaps authorized to infer that Lane was present at the time and was in effect a party to the sale by the trustee. If, therefore, the sale under consideration was regular, as the court finds, the lien was certainly merged in the sale, and title to the mules passed to plaintiff in error; for there is nothing in the record to show that delivery of the mules by Lane or the trustee was a condition of the sale.

It follows, we think, that if at the time of the institution of plaintiff's suit he was without the lien declared upon, and that, as we should impute from the court's judgment and findings, the assertion of the lien was for the sole purpose of giving the County Court of Jack County jurisdiction over the persons of Webb and Rhoades, then Webb and Rhoades were properly given the benefit of their pleas to the jurisdiction and of privilege to be sued in the counties of their residence, for in such case they were not proper parties to plaintiff's suit against Lane, and his cause of action against Webb and Rhoades, if any, being altogether different from that against Lane, must be asserted in the proper court having jurisdiction over said defendants and over the subject matter of the suit.

The record sustains plaintiff's further objection to the judgment, to the effect that the court erred in allowing J. T. Lane a credit of one hundred and fifty dollars because Lane had filed no answer asking for

such relief. Upon the entry of the judgment by default, plaintiff as against Lane was entitled to judgment for the amount of his debt with foreclosure of lien, as alleged, and to this extent the judgment must be reversed and remanded.

In another respect, also, we find error. It seems undisputed from the record that the defendant Rhoades now claims the mules in question by virtue of a purchase from Webb, and that he took the mules to Hardeman County. Plaintiff's cause of action against Webb and Rhoades for the conversion of the mules, which were alleged to be of the value of two hundred and five dollars, is therefore triable in the County Court of Hardeman County. Hence the court, upon sustaining the defendants' pleas of privilege, should have transferred the cause as against Webb and Rhoades for the alleged conversion to the County Court of Hardeman County, as required by the Act of the Thirtieth Legislature, approved April 18, 1907 (see General Laws 1907, p. 248). This Act amends the Revised Statutes on the subject, and among other things expressly provides: "That whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained, that the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause."

The judgment of the court will accordingly be reversed and the cause remanded with direction to the County Court of Jack County to enter judgment in plaintiff's favor as against J. T. Lane, as above indicated, with stay of order of sale, however, until the disposition of the cause against Webb and Rhoades, and in favor of Webb and Rhoades on their said special pleas, entering the proper order of transfer as to them to the County Court of Hardeman County. See Johnson v. Lanford, decided by this court November 21, 1908, reported in 114 S. W., 693.

ON REHEARING.

We think this case distinguishable from the cases of Cardwell v. Masterson, 27 Texas Civ. App., 591, and Cobb v. Barber, 92 Texas, 309, so earnestly urged upon us in the motion for rehearing. The case first named was a suit by a landlord against a tenant to foreclose the landlord's lien, and against certain parties claiming as mortgagees under a mortgage from the tenant, for conversion of the property subject to the lien, and it was held that the suit against the parties converting the property, residing elsewhere, could be maintained in the county of the tenant's residence. The latter case was similar in its facts to the first, save that the plaintiff did not seek a foreclosure of the lien he asserted. But in disposing of the case the Supreme Court said that: "It is not alleged that the mortgagor had in any manner parted with his title or equity of redemption in the cattle. Under the facts as pleaded he has an interest in the damages resulting from the conversion to the full extent of the value of the cattle, for although he had not paid the debt, it is to his interest that the damages should go to its extinguishment," etc. It was hence held that the parties charged with the conversion could be sued in the county of the debtor's residence, notwithstanding they resided elsewhere. In the case be-

fore us, however, if we were correct in holding that the title to the mules alleged to have been converted by the defendants in error passed to plaintiff in error at the trustee's sale discussed in our original opinion (and this position is not assailed in the motion for rehearing), then Lane thereafter had no interest or equity in the property, and plaintiff in error, having title, was without any lien. Moreover, in this case there is a judgment in favor of a special plea which not only alleges that plaintiff in error was without lien, but also distinctly charges that: "The defendant Lane is only sued herein for the sole and simple purpose of attempting to give this court jurisdiction over the persons of defendants Mathie D. Rhoades and J. W. Webb." At best, therefore, plaintiff's cause of action against Lane was for a balance due on a contract—Lane's note—and against Webb and Rhoades for conversion—a tort. The two can not be properly joined at common law, as plainly indicated in the Cobb v. Barber case relied upon.

We think the motion for rehearing must be overruled.

*Reversed and remanded.*