SHAW v. STINSON et al. (No. 957.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1919.)

1. VENUE ☞22(3) — RESIDENCE OF DEFENDANTS — JOINDER OF UNNECESSARY AND IMPROPER PARTY.

A defendant cannot be sued out of the county of his residence by the joinder in the suit of unnecessary and improper parties defendant, resident within the county where suit is brought.

2. VENUE ☞16½—CHANGE—COUNTY OF DEFENDANT'S RESIDENCE—JOINDER OF DISTINCT CAUSE OF ACTION AGAINST RESIDENT DEFENDANT.

A defendant cannot be sued out of the county of his residence by an improper joinder of a cause of action against such nonresident defendant with a separate and distinct cause of action against a resident defendant, and with which the nonresident defendant is in no wise connected.

3. VENDOR AND PURCHASER ☞279—FORECLOSURE OF LIEN—PARTIES—ADVERSE CLAIMS.

In a suit to foreclose a vendor's lien, a stranger to the notes holding an adverse claim to the estate conveyed by plaintiff cannot be made a party for the purpose of trying his adverse claim.

4. VENUE ☞5(4)—REMOVAL OF CLOUD—LAND SITUS.

In suit to foreclose notes and vendor's lien on land, a cross-action by one defendant against codefendants, averring that at the time of his purchase from plaintiff the latter had made some kind of a contract with another for sale of the land, from which he sought to remove the cloud, was within the obvious scope of Rev. St. 1911, art. 1830, subd. 14, requiring suits for the recovery of land and removal of incumbrance upon title to be brought in the county of the land's situs.

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Suit by James P. Stinson against E. B. Shaw and others, in which defendant Guy R. Holcomb filed a cross-action against his codefendants. From a ·judgment overruling pleas for change of venue, the defendant E. B. Shaw appeals. Reversed and remanded, with instructions to make the proper venue transfer.

W. D. Wilson, of Spur, and H. G. McConnell, of Haskell, for appellant.

Chapman & Pope, of Anson, and R. C. Chambers and J. M. Wagstaff, both of Abilene, for appellees.

HIGGINS, J. This is an appeal from an order overruling a plea of privilege. The material facts are summarized as follows:

On October 14, 1916, Stinson entered into a written contract with appellant, Shaw, whereby the former agreed to convey to the latter six tracts of land in Dickens county, Tex. The conveyance was to be executed on or before November 1, 1916. Some objections to the title were raised by Shaw's attorney, which were not corrected by Stinson. On November 4, 1916, Stinson conveyed the land to Guy R. Holcomb, of Jones county, reserving a vendor's lien to secure purchase-money notes, executed by Holcomb, payable at Anson, which is in Jones county. The notes contained the usual accelerating maturity clause. Holcomb having failed to pay the note first maturing, Stinson declared the whole series due, and filed this suit thereon, in the district court of Jones county against Holcomb, Shaw, C. C. Horton, H. B. Lewis, and J. H. Hobson, the four last-named defendants being residents of Dickens county. It was alleged that the four last-named defendants were in possession of the land, and had acquired such possession subsequent to the execution of the deed to Holcomb, and the notes sued upon, and that such possession was acquired from a tenant of Holcomb.

Holcomb filed a cross-action against his codefendants Shaw, Horton, Lewis, and Hobson, averring that at the time of his purchase from Stinson the latter had made some kind

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of a contract with Shaw for a sale of the land; and, without detailing the various allegations of this cross-action, it is sufficient to say that thereby Holcomb sought to have removed from his title the cloud cast thereon by the claim of Shaw under the contract of October 14, 1916. In the cross-action it was averred that Horton, Lewis, and Hobson were in actual possession as tenants of Shaw.

To the suit of Stinson and the cross-action of Holcomb the defendant Shaw filed pleas of privilege to be sued in Dickens county. Upon the hearing of the pleas it was very clearly shown that Shaw was claiming the land under the contract of October 14, 1916, and that he had paid a part of the purchase price as stipulated in that contract; that he was in no wise claiming under Stinson's deed to Holcomb, but antagonistic thereto, and that his claim was wholly adverse to the title of Holcomb under the latter's deed from Stinson. The pleas were overruled, and Shaw prosecutes this appeal.

### Opinion.

Under well-established rules of law, the court erred in overruling the pleas of privilege.

[1] The courts have frequently held that a defendant cannot be sued out of the county of his residence by the joinder in the suit of unnecessary and improper parties defendant, resident within the county where the suit is brought. Railway Co. v. Mangum, 68 Tex. 342, 14 S. W. 617; Waldrep v. Roquemore, 60 Tex. Civ. App. 138, 127 S. W. 248; Brant v. Lane, 54 Tex. Civ. App. 425, 118 S. W. 229, 139 S. W. 768; Ft. Worth, etc., v. Smith, 149 S. W. 200.

[2] The same rule applies to the improper joinder of a cause of action against the non-resident defendant, with a separate and distinct cause of action against a resident defendant, and with which the nonresident is in no wise connected. Chaison v. Beauchamp Bros., 12 Tex. Civ. App. 109, 34 S. W. 303; Dry Goods Co. v. Mitchell, 171 S. W. 278.

[3] Shaw was a stranger to the notes and lien asserted to Stinson in the latter's suit against Holcomb for foreclosure; his claim was adverse to the estate conveyed by Stinson to Holcomb, and he could not be made a party to the foreclosure suit for the purpose of trying his adverse claim. He was neither a necessary nor a proper party to that suit, and the court erred in overruling the plea of privilege which he interposed to Stinson's suit. Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147; Moore v. Vogel, 22 Tex. Civ. App. 235, 54 S. W. 1061; Walraven v. Bank, 22 Tex. Civ. App. 287, 52 S. W. 1049.

[4] Passing now to the cross-action of Holcomb, it was a suit within the obvious scope of subdivision 14, art. 1830, Rev. St. which requires suits for the recovery of lands, suits to remove incumbrances upon the title to land, and suits to quiet the title to land to be brought in the county where the land or a part thereof lies. Shaw had the right to try his adverse claim to the land in Dickens county by virtue of its location there, as well as by reason of his residence.

Reversed and remanded, with instructions to make the proper venue transfer.