## VERHALEN v. EBY et al.    (No. 7584.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1926. Rehearing Denied June 16, 1926.)

**1. Appeal and error ⬅︎927(7).**

Testimony of claimant as to ownership of attached property must be taken as true on appeal from directed verdict for defendants.

**2. Attachment ⬅︎310—Claimant's ownership of attached property held for jury.**

Evidence that claimant in attachment proceedings had, prior to levy of attachment and pursuant to agreement with attachment debtor, retaken property in question, which he had theretofore sold to debtor, with understanding that debtor would repurchase it in smaller quantities as he could use or sell them, *held* to make question of claimant's ownership of property for jury.

**3. Trial ⬅︎143.**

Conflicts in testimony are for jury to determine.

Appeal from District Court, Hidalgo County; A. M. Kent, Judge.

---

Attachment proceedings by George Eby and others against J. F. Sullivan, wherein Walter Verhalen filed a claimant's oath and bond, asserting title to attached property. From an adverse judgment, claimant appeals. Reversed and remanded.

Gause & Kirkpatrick, of Mercedes, for appellant.

Bryce Ferguson, of Pharr, and Griffin & Kimbrough, of McAllen, for appellees.

SMITH, J. This appeal is from a judgment rendered in a trial of the right of personal property, which had been attached in a county court proceeding by creditors as the property of J. F. Sullivan. Walter Verhalen filed a claimant's oath and bond in the district court, asserting title to the property, which consisted of fruit baskets and tops, and thus the issue of ownership was raised as between Verhalen and the attaching creditors of Sullivan. The trial court directed a verdict in favor of the creditors and against Verhalen, who has appealed. The appeal presents the one question of whether or not the court erred in directing a verdict against the claimant.

Verhalen sold and delivered the baskets to Sullivan upon a ten-day trade acceptance. Sullivan stored the baskets in a local warehouse, owned by others. He used some of the baskets before the due date of the trade acceptance, which he could not meet at maturity. Shortly afterwards the unused baskets were attached by other creditors. It is claimed by Verhalen that prior to the levy of these attachments he had taken title and repossession of the baskets in settlement of the balance due him on Sullivan's acceptance. Upon this claim rests the only issue in the case. If there was any material evidence to support this claim, the issue should have gone to the jury; if not, then the court properly directed a verdict in favor of the attaching creditors. In the one event the judgment must be reversed; in the other affirmed.

[1, 2] The testimony offered by Verhalen in support of his claim of ownership must be taken as true in determining if the issue was for the jury, and we will therefore state the case made by that testimony. About the time the trade acceptance matured, Verhalen's agent called on Sullivan for a settlement, but the latter declared that he could not pay for the baskets, that he had used some of them, and could pay for those used, but no more. He and the agent then settled the matter by Sullivan paying cash for the baskets he had used and returning the unused baskets to Verhalen in settlement of the balance due on the whole account. In pursuance of this agreement Sullivan turned over to Verhalen all the original papers in the matter, including the selling order, in-

voice, and other papers evidencing the transaction between the parties. The warehouseman was called in, was told of the settlement and transfer of ownership to Verhalen, who thereupon arranged with the warehouseman for continued storage of the property in the latter's warehouse, it being understood that Verhalen was to pay all further storage charges. Sullivan and Verhalen then agreed that the former would repurchase the baskets in smaller quantities, from time to time, as he could use or sell them, but only by paying cash for them when taken. These transactions and settlement occurred a few days prior to the levy of the attachment issued at the instance of appellees, and so, if the facts above set out are true, the property belonged to Verhalen, and the other creditors obtained no title by reason of the attachments. Hopkins v. Partridge, 71 Tex. 606, 10 S. W. 214; Brewer v. Blanton, 66 Tex. 532, 1 S. W. 574.

[3] It is true that the facts stated are vigorously disputed by appellees' testimony, and the latter present an able and earnest argument in support of the conclusiveness of their evidence, but these are matters for a jury to determine, and not for this court or the trial court.

We hold that the cause should have been submitted to the jury, and accordingly reverse the judgment and remand the cause.