**ARMSTRONG v. SAWTELL et al.** (No. 666.)

Court of Civil Appeals of Texas. Waco. July 5, 1928.

Rehearing Denied Sept. 27, 1928.

Lewis M. Seay, of Groesbeck, and Witt, Terrell & Witt, of Waco, for appellant.

Weatherby & Rogers, of Waco, for appellees.

STANFORD, J. This suit was filed by appellee, Sawtell, against the heirs and legal representatives of L. E. Sisler, and Eva M. Sisler, W. J. Laidlaw, and T. S. Armstrong, as defendants, for a partition of partnership real estate and final settlement of partnership accounts, alleging the partnership purchased certain real estate in 1909, that certain original partners had thereafter been succeeded by other partners, who purchased their interests, that between 1909 and 1916, appellee, Sawtell, advanced large sums of money to the partnership, and that in 1916 each of the partners reimbursed him for his pro rata part, except L. E. Sisler and wife, Mrs. Eva Sisler, and that L. E. Sisler executed a memorandum by which he admitted his part of said indebtedness, that between 1920 and 1925 the appellee made further advances to said partnership in the sum of $1,600.33, which had never been repaid and are still due by the partnership; and appellee prayed that the balance of his advancements made prior to 1916 be declared an equitable and prior lien against the interest of L. E. Sisler and wife in said partnership property, and that the advancement of $1,600.33 made subsequent to 1920 be fixed as a prior lien against all of the partnership property.

The Sisler interests owned a one-half interest, J. B. Sawtell owned a one-fourth interest, W. J. Laidlaw a one-eighth, and T. S. Armstrong a one-eighth interest. The representatives of the Sisler interest were all nonresidents of the state, and were properly served with nonresident notices. W. J. Laidlaw and T. S. Armstrong were residents of Texas, and were served with citations. None of the parties representing the Sisler interests ever at any time made any appearance. The defendant Laidlaw answered, admitting all of the allegations of the appellee, J. B. Sawtell, to be true. The defendant T. S. Armstrong answered, in substance, that during 1916 the said J B. Sawtell had a full and complete settlement with all the members of the partnership, and that the amount claimed to have been advanced in behalf of the Sisler interests had been settled by note, and that he did not know whether the $1,600 claimed for advances between 1920 and 1925 was correct or not.

On June 14, 1927, service being complete on the representatives of the Sisler interest in said partnership real estate and no answer having been filed by said parties, the court adjudicated the pro rata part of said advances by appellee that was chargeable against the Sisler one-half interest in said real estate to be $10,382.37, and fixed same as a lien against said Sisler one-half interest in said land, and appointed a receiver to sell said one-half interest to satisfy same. The receiver sold said Sisler one-half interest to appellee, J. B. Sawtell, for $10,000. Said sale was duly reported, approved, and deed made under direction and approval of the court, and said $10,000 by order of the court was applied as a credit upon the amount due appellee as shown by judgment by default on June 14, 1927. Then on November 7, 1927, said cause came on for final hearing as between appellee, as plaintiff, and T. S. Armstrong and W. J. Laidlaw, as defendants, before a jury, the only party making any contest being T. S. Armstrong. On this hearing final judgment was rendered, confirming the judgment rendered against the representatives of the Sisler interest on June 14, 1927, the sale of Sisler's interest in said partnership real estate, the sale and purchase of same by appellee, and a final judgment fixing the respective interest of all parties in all said partnership property, decreeing partition of same, etc. On December 10, 1927, Sudie Armstrong, wife of T. S. Armstrong, suggested the death of T. S. Armstrong on December 4, 1927, and she was on December 10, 1927, permitted as temporary administratrix to intervene in said cause, and on December 10, 1927, Sudie Armstrong, as temporary administratrix of the estate of T. S. Armstrong, deceased, filed a motion for a new trial, which motion was on the same day overruled, and said Sudie Armstrong, as such temporary administratrix, gave notice of appeal, and perfected her appeal, and presents the record here for review. We will consider all of appellant's contentions together.

The record discloses that the partnership originally consisted of L. E. Sisler and wife, Eva Sisler, T. S. Armstrong, Joe S. Thompson, and J. B. Sawtell. They bought some 1,800 acres of land in Brazos county, Tex., and engaged in farming, stock raising, etc. In the purchase of said land, Sisler and wife paid one-half, T. S. Armstrong one-eighth, J. B. Sawtell one-eighth, and Joe S. Thompson one-fourth. Afterwards Thompson sold his one-fourth to Sawtell and Laidlaw, each taking one-half of Thompson's interest, after which Sawtell owned one-fourth, Armstrong one-eighth, Laidlaw one-eighth, and the Sislers one-half. Money was needed to improve and stock said lands, pay off liens, purchase machinery, etc. It was agreed among the members constituting said partnership that they should share the profits and losses of said business according to the interest of the respective parties, and also, if appellee Sawtell, who was managing said property, made advancements for the benefit of said property, each of the other partners would reimburse said appellee for his pro rata part of such advancements, together with 8 per cent. in-

terest on same. In 1916, appellee, Sawtell, made up a statement of the amount he had advanced for the partnership and apportioned the amount due by each partner according to his interest in the partnership property. All of the partners, except Sisler and wife, paid their pro rata parts. Sisler and wife, who owned a one-half interest, it was found, were due $5,832.84. L. E. Sisler signed a note for said amount and left it with appellee, but appellee denied that he accepted said note in satisfaction of his demand for said amount against the partnership, but claimed he took it only as a memorandum. After the settlement in 1916, appellee, Sawtell, advanced about $1,600 more.

At the time the default judgment was rendered against the representatives of the Sisler interest on June 14, 1927, and at the time said judgment was made final, the amount due by the Sisler interest, including 8 per cent. interest, amounted to $10,382.37, and the court so adjudged and fixed same as a lien only against the Sisler one-half interest in said land, and, through a sale by a receiver, applied only the Sisler one-half interest in said land to the said amount found to be due by the Sisler interest. On the final trial, as between appellee, Sawtell, and appellant T. S. Armstrong, the said appellant claimed only a one-eighth interest in the partnership land and personal property, and this the judgment appealed from awarded him. Said appellant also contended all of said land was capable of partition in kind. The court so found, and awarded partition, appointed commissioners, etc., and directed that one-eighth of said land be set apart to appellant Armstrong. Appellant admitted on said trial in open court that appellee, Sawtell, after April 29, 1920, advanced to the partnership in cash for the purpose of carrying on the partnership business, the sum of $1,600.33, which had never been repaid to him, and which constituted a valid claim against the partnership, together with 8 per cent. interest on same. The judgment charged against the interest of appellant only a one-eighth part of said $1,600.33. Said appellant Armstrong also admitted in open court that during his management of the partnership affairs from January 1, 1925, to the date of the trial, he had collected $233.18 partnership funds in excess of his expenditures. Appellant was charged by the judgment with returning this amount for distribution between the parties entitled thereto, and, as stated above, the judgment from which appellant has appealed set apart to him his one-eighth of both the partnership land and personal property, subject only to the payment of his pro rata part of the court costs, his pro rata part of the $1,600.33 advanced by appellee, and subject to his payment of said $233.18 for distribution among the partners. In his judgment, the court recites:

"And by reason of the admissions in open court by the parties before the court of the said facts above set forth, and being of the opinion that all matters of issue between the parties hereto were settled by reason of the admissions aforesaid in open court, on November 8, 1927, discharged the jury without submitting any issue of fact to the jury, it being further agreed by all parties before the court that the court should calculate and write into this judgment the interests in said partnership of the said partners respectively."

The record fails to show any objections or exceptions to the above findings of the trial court, and fails to show any request for the submission of any issue to the jury. Appellant shows no right to complain of the action of the court in withdrawing the case from the jury. On October 20, 1925, Dr. Sisler, one of the partners, died, and thereby the partnership was dissolved, and no new agreement was ever entered into between the surviving partners. Dr. Sisler left a will bequeathing his property in trust and designating an executor of his will. The executor of said will, the trustee named, and all of the children of Dr. Sisler, and Eva Sisler, his surviving wife, all of whom were nonresidents of this state, were made parties to the suit, and were all served by nonresident notices to appear and answer. The court rendered judgment adjudging the total advances chargeable against the half interest in said property owned by the Sislers, including the $5,832.84, with 8 per cent. interest from December, 1916, the time L. E. Sisler signed a memorandum in the form of a note to appellee, Sawtell, were $10,382.37. This amount was fixed as a lien against the Sisler one-half interest, and through a receiver said half interest was sold for $10,000, and said amount applied to the $10,382.37 due by the Sisler interest. The remainder, $382.37, was not charged against any of the other partners or the interest owned by them.

None of the representatives of the Sisler one-half interest have ever appeared in the case, and so none of them have made any complaint of the disposition of their half interest by the judgment of June 14, 1927, nor of the final judgment of November 7, 1927, from which this appeal is prosecuted. In fact, no one is complaining of anything done in the entire proceeding except the appellant Armstrong, and he does not complain that the judgment does not award him all he asked and all to which he is entitled. Appellant Armstrong's complaints appear to be in behalf of the partnership, but the partnership was dissolved by the death of L. E. Sisler on October 20, 1925, and it, as a partnership, was not sued and was not before the court. It was shown the partnership owed no debts except to its own members. This was a suit for a settlement as between the partners, and for partition and distribution of the partnership property. Appellant evidently was not representing appellee, Sawtell, nor Laidlaw, for both said parties were before the court representing themselves. It is evident from all the

record, as well as from the tenor of appellant's assignments, that he was attempting to complain only in behalf of the nonresident representatives of the Sisler interest in the partnership property. He contends in various ways that the court erred in adjudging the amount of advancements made chargeable to the Sisler one-half interest in said partnership land. If this be true, the same in no way affected appellant's rights. Again, the representatives of the Sisler interest having been duly cited, and having failed to enter any appearance in the case, and having failed to interpose any plea of limitation to appellee's claim for advancements made for the benefit of the Sisler interest, and having failed to in any way complain of the action of the court in subjecting the Sisler interest to the payment of advancements made chargeable to said interest, appellant has no right to make such complaint for the Sislers, especially when the matter of which he seeks to complain in no way affects his interest. American Salt Co. v. Heidenheimer, 80 Tex. 344, 15 S. W. 1038, 26 Am. St. Rep. 743; Brant v. Lane, 54 Tex. Civ. App. 425, 118 S. W. 229, 139 S. W. 768; Southland Life Ins. Co. v. Stewart (Tex. Civ. App.) 211 S. W. 460; Birdsong & Son v. Allen (Tex. Civ. App.) 166 S. W. 1177.

We have considered all of appellant's assignments. No error of which appellant is entitled to complain being shown, the judgment of the trial court is affirmed.