C. H. BEAUCHAMP, JR., v. E. M. CHESTER ET AL.

Decided April 28, 1905.

1.—Notes—Action Against Indorser—Pleading.

In an action against one sued as an indorser of a note the petition is bad on general demurrer where it shows that the time has passed when his liability can be fixed either by suit or protest, and fails to allege any waiver of the formalities necessary to fix such liability.

2.—Same—Venue—Codefendant.

Where the suit was brought in the county of the indorser's residence, and the petition showed no liability on his part because of want of protest or of suit in time, a judgment against the maker of the note, residing elsewhere, could not be sustained over his plea of privilege to be sued in the county of his residence.

Appeal from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

*L. A. Carlton* and *E. E. Townes,* for appellant.—1. The court erred in holding that W. A. Myrick, the endorser, was a party defendant to this suit under the pleadings filed and relied upon by plaintiff for the reason that said pleadings show upon their face no cause of action against said Myrick. Jones v. Austin, 26 S. W. Rep., 144; Poole v. Pickett, 8 Texas, 122; Henderson v. Kissam, 8 Texas, 55; Chamberlain v. Fox, 54 S. W. Rep., 297; Mahan v. Cotton, 35 S. W. Rep., 869; Cohn v. Munson, 59 Texas, 236; Texas & P. Ry. Co. v. Magnum, 68 Texas, 342, 4 S. W. Rep., 617; Barker v. Foster, 3 W. & W., p. 371; Railway Co. v. Bermea, etc., Co., 54 S. W. Rep., 325; Sealey v. Whitfield, 46 S. W. Rep., 865; Freeman v. Keuchler, 45 Texas, 592; Edwards v. Buchanan, 36 S. W. Rep., 1027; Roan v. Rayman, 15 Texas, 87; Hilliard Bros. v. Wilson, 76 Texas, 184; Weeks v. Sunset Brick & Tile Co., 56 S. W. Rep., 246.

2. The joinder of a defendant, against whom no cause of action is shown, does not confer jurisdiction as to other defendants who are sued out of the county of their residence; i. e., such defendant must be either a necessary or proper party defendant. Groos v. Brewster, 55 S. W. Rep., 591; Weeks v. S. Brick & Tile Co., 56 S. W. Rep., 246; Girand v. Barnard, 47 S. W. Rep., 482; Chaison v. Beauchamp, 34 S. W. Rep., 304; Holloway v. Blum, 60 Texas, 625; Texas & P. Ry. Co. v. Gagnum, 68 Texas, 342; Christie v. Gunter, 26 Texas, 700; London v. Miller, 47 S. W. Rep., 735; Gamer v. Thompson, 79 S. W. Rep., 1083.

*Chester, Crawford & Chester,* for appellee.—The statute permitting the holder of a promissory note to fix the liability of an endorser thereon by protest, or by bringing suit at the first term of the District Court after the maturity of the note, is a mere personal privilege, and was not intended for the benefit of the maker, and can only be taken advantage of by the endorser, and if the endorser, with full knowledge of all the facts, declines to take advantage of it, he waives the right to do so. Rev. Stats., art. 304; First National Bank v. Bonner, 27 S. W. Rep., 698; Elliott v. Wiggins, 16 Texas, 596.

GILL, ASSOCIATE JUSTICE.—This suit was brought by E. M. Chester against C. H. Beauchamp, Jr., as maker, and W. A. Myrick, as endorser, of a certain promissory note for $3,000, and recovery was sought against both for the principal and six percent interest. The defendant, Beauchamp, interposed his plea of privilege to be sued in the county of Dallas, where he resided. The court, upon hearing, overruled the plea, tried the case on its merits, and rendered judgment as prayed for against the maker and endorser. Beauchamp has appealed, and assails as error the action of the court in refusing to sustain the plea.

The note sued on was executed by Beauchamp as alleged, was payable to Myrick in Dallas County, where Beauchamp lived at the date of its execution, at the time of bringing the suit, and where he yet resides. Myrick was a resident of Jefferson County. The petition discloses the capacity in which each of the defendants is sued, and it is apparent from its face that, at the time it was filed, the time had passed when his liability as endorser could be fixed either by suit or protest. There was no waiver of these formalities, and Myrick filed a general demurrer and denial in the cause.

According to Myrick's testimony, he was interested in the corporation of Myrick Bros., and was secretary and treasurer of the concern. After the execution of the note by Beauchamp he endorsed it in blank and turned it over to the corporation, and it was credited upon an account which the corporation held against Myrick. That he thereafter placed it in the hands of plaintiff, who was a member of the law firm of Chester, Crawford & Chester, with instructions to retain one-third for their services, etc., and turn the remainder over to Myrick Bros. He admitted he had filed the general denial, but did not say whether he would interpose an effective defense or not. That Beauchamp was solvent, and he wanted the corporation to get its judgment against the maker. It is not pretended that he has waived the fixing of liability in any other way except by failing to interpose the specific plea that his liability has not been fixed as required by law. He has not appealed.

It is clear that, as against Myrick, the petition was bad on general demurrer. In the light of the facts, and of Myrick's action in filing a general denial, it is also clear the plaintiff could not have truthfully inserted allegations which would have disclosed liability against him. It is true it is a defense that can be waived. This was held in Bank of Hastings v. Bonner (27 S. W. Rep., 698), but the waiver must be alleged and shown. The petition would not have sustained a judgment by default, and it follows that, if the judgment against Myrick was complained of here, it would have to be reversed. (Elliott v. Wiggin, 16 Texas, 596; Fisher v. Phelps, 21 Texas, 555; Smith v. Richardson, 92 Texas, 448.)

Where there are two defendants living in different counties the suit may be maintained in the county of the residence of either, but it is certainly true that one can not be sued out of the county of his residence upon a petition which discloses no liability against his codefendant.

Had there been a waiver alleged and proved, the rule might be different, but the facts show otherwise, and we perceive no reason why we should remand this cause in order to permit Myrick to waive the right, in order that the corporation of which he is a member may be

able, through Chester, to maintain the suit against Beauchamp in a county other than that of his residence. If, indeed, such a waiver on the part of Myrick, at this late day, would avoid Beauchamp's plea of privilege, which may well be doubted, if now made, it would, in the light of the other facts in evidence, conclusively stamp the act as collusively done to sustain the jurisdiction of the court.

The judgment as to Beauchamp is reversed, and the cause dismissed.

*Reversed and dismissed.*