OLIVER DeG. VANDERBILT, appellant,

*v.*

HENRY MITCHELL, medical superintendent; MYRA L. J. VAN-
DERBILT and WILLIAM GODFREY VANDERBILT, respondents.

[Submitted March 18th, 1907. Decided June 17th, 1907.]

One who would be entitled to a portion of an estate in the event of his
brother's dying without lawful issue may maintain a bill in equity to
cancel a certificate of birth which falsely stated that a certain infant was
the lawful son of his brother, the certificate being procured by the fraud
and false statements of the mother. See *John Vanderbilt* v. *Henry
Mitchell et al.*, decided June 17th, 1907.

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Garrison, whose opinion is reported in *71 N. J.
Eq. (1 Buch.) 632.*

*Messrs. McDermott & Enright,* for the complainant-appellant.

*Mr. Leroy A. Gibby* and *Mr. Harry V. Osborne,* for the de-
fendants-respondents.

The opinion of the court was delivered by

DILL, J.

The decree appealed from is reversed, for the reasons set forth
in the opinion in the case of John Vanderbilt against the same
defendants. The charges in this bill are practically identical with
those in the *John Vanderbilt Case.* The only difference between
the bills is as to the relation of the complainant to the cause of
action.

The complainant in this suit is the brother of John Vanderbilt,
and one of the beneficiaries under the testatmentary trust de-
scribed in the bill.

The complainant has a vested remainder, under his mother's will, in his individual right, and a contingent interest in the event of the death of his brother, John, without lawful issue.

The false certificate in question is liable to affect the interest to be acquired by the complainant in the future by its use as evidence in some suit or proceeding by the infant. Therefore, a property right to be acquired in the future by the complainant is threatened.

Inasmuch as the complainant is not in possession of the property, and rights to be acquired rather than at present acquired are threatened, his only effectual remedy must at this time be by a bill in equity. Otherwise he might be without adequate relief.

The principle is well stated by the supreme court of Massachusetts, as follows:

"Whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceeding at law, a court of equity will afford relief by directing the instrument to be delivered up and canceled, or by making any other decree which justice and the rights of the parties may require." *Martin* v. *Graves, 5 Allen (87 Mass.) 601, 602.*

The decree sustaining the demurrer is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.