### W. S. Costin v. Burton-Lingo Company.

#### Decided November 24, 1909.

**1.—Note—Indorser—Waiver—Protest.**

A waiver of protest and notice by the indorser of a promissory note has the same effect in fixing his liability as though the protest and notice were duly made. It is not necessary in such case that it be fixed by timely suit or by showing insolvency of the principal at the time of maturity.

**2.—Note—Action Against Indorser.**

Action against the indorser of a note whose liability has been already fixed by his waiver of protest and notice, may be maintained without joining the principal maker as defendant, where the residence of the latter is unknown. It is not necessary to show also that he is insolvent.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellants.—Where the holder of a promissory note seeks to recover against an indorser alone, in a suit brought after the second term of a Justice Court, and relies upon the insolvency of the maker or upon the theory that the maker's whereabouts is unknown, it is necessary for the holder to allege that at the time of the maturity of the note the maker was notoriously insolvent, or that the whereabouts of the maker was unknown; and where the holder fails to allege such insolvency or uncertain location at the time of the maturity of the note, a general demurrer directed at the plaintiff's pleadings should be sustained. Fisher v. Phelps, 21 Texas, 555; Jones v. Ritter, 32 Texas, 722; Elliott v. Wiggins, 16 Texas, 596; Bank v. DeMorse, 26 S. W., 417; Mullaly v. Ivory, 30 S. W., 259; Kampmann v. Williams, 70 Texas, 571.; Yale v. Ward, 30 Texas, 21.

It devolves upon the holder of a promissory note to exhaust the resources of the maker before attempting to hold the endorser alone. Tooke v. Taylor, 31 Texas, 5.

This being a suit against an indorser of a promissory note, without joining the makers of the note, it devolved upon plaintiff to allege and show (it being shown that more than fourteen months had elapsed between the date of the maturity of the note and the filing of the suit in Justice Court) that protest, notice and demand had been made or waived, and that the makers of the note resided at the time of the maturity of the note and of the institution of the suit beyond the limits of the State, or in such part of the same that he can not be found. Arts. 312, 1203, 1204 and 1257, Revised Statutes of Texas.

*Royall G. Smith,* for appellees.—A pleading against an indorser of a promissory note alleging a recital in such note expressly waiving

protest and notice, shows facts which fix the liability of such indorser; an allegation of either suit or protest is unnecessary. Rev. Stats., art. 1204; Leeds v. Hamilton Paint & Glass Co., 35 S. W., 77; 2 Daniel on Negotiable Instruments, sec. 1092; 1 Brandt on Sureties, sec. 2; Williams v. Rosenbaum, 79 S. W., 594.

KEY, ASSOCIATE JUSTICE.—Appellee, a private corporation, brought this suit against appellant and recovered judgment against him as endorser upon a promissory note executed by J. H. and J. J. Myles. The original makers of the note were not sued, the plaintiff alleging that they were notoriously insolvent and that their residences were unknown.

The defendant answered by a general and special exception and a general denial. The court below overruled the exceptions and upon trial without a jury rendered judgment for the plaintiff and the defendant has appealed.

The first assignment complains of the action of the court in overruling the exception to the plaintiff's petition. The contention is that the exceptions should have been sustained for the reason that, while the plaintiff alleged the insolvency of the makers of the note at the time of the institution of the suit, the petition did not allege that they were insolvent at the time of the maturity of the note, and the suit not having been brought until after the lapse of two terms of court the defendant, who was merely an endorser, was not shown to be liable. If liability of an endorser could be fixed only by bringing suit within the time prescribed by statute for fixing liability the contention urged might be correct. But such liability can be fixed by a protest as well as by suit, and upon the face of the note and by its written terms, protest and notice thereof are waived. We are of opinion that the waiver referred to secured to the plaintiff the right that would have been secured by a timely protest, and therefore it was not necessary to show the insolvency of the makers to fix the liability of the defendant. (Leeds v. Hamilton Paint & Glass Co., 35 S. W., 77.) The court found that the residences of both makers of the note were unknown and that both were insolvent. The evidence sustains that finding except as to the insolvency of J. J. Myles. Proof of either insolvency or unknown residence is sufficient excuse for not suing the maker of negotiable paper. Hence, we overrule the other assignment of error.

*Judgment affirmed.*