ARCHENHOLD CO. v. SMITH et al.
(No. 6139.)

(Court of Civil Appeals of Texas.   Austin.
Jan. 21, 1920.   Rehearing Denied
Feb. 25, 1920.)

1. BILLS AND NOTES ⊜⇒422(3)—FAILURE TO PROTEST AND BRING SUIT ON NOTE CONTAINING WAIVER OF PROTEST AND SUIT DID NOT RELEASE INDORSER.

Where note contained clause that maker, sureties, indorsers, and guarantors severally waived protest and diligence in bringing suit, failure of plaintiff indorsee to protest the note at maturity, or bring suit at first or second term of court after maturity, was no defense to defendant payees, who transferred the note to plaintiff by indorsement, "protest and diligence waived."

2. PRINCIPAL AND SURETY ⊜⇒129(4)—SUCCESSIVE EXTENSIONS OF TIME OF PAYMENT DID NOT RELEASE SURETIES WHEN AUTHORIZED BY NOTE.

Where clause in note provided that makers, sureties, indorsers, and guarantors waived protest and consented that the time of payment might be extended without notice thereof, that plaintiff, to whom payee indorsed note, agreed to two extensions without knowledge or consent of sureties, did not release them.

3. JUDGMENT ⊜⇒251(2)—JUDGMENT RELEASING SURETIES NOT SUPPORTED BY PLEADINGS.

Where defense of discharge of sureties by virtue of extensions of time for payment of note was limited by the pleadings to the mere fact of an agreement to extend time in consideration of interest to be paid by the principal maker, a defense not available, judgment for sureties cannot be sustained by finding of court that plaintiff agreed at time of extension that sureties should be released.

4. APPEAL AND ERROR ⊜⇒1153—CASE NOT REVERSED TO ENABLE PARTY TO SET UP ADDITIONAL DEFENSE.

Where in the state of the pleadings and the evidence, as found by the trial court, a judgment should have been for plaintiff against all the defendants, the court on appeal will reform and affirm the judgment, in view of Rev. St.

1911, art. 1626, though defendants might by amendment set up other defenses.

Appeal from Milam County Court; W. G. Gillis, Judge.

Action by the Archenhold Company against A. E. Smith and others. From the judgment rendered, plaintiff appeals. Case reversed in part and rendered, and judgment reformed and affirmed in part.

Nathan Patten, of Waco, for appellant.
Chambers & Wallace, of Cameron, for appellees.

Findings of Fact.

BRADY, J.   Appellant, the Archenhold Company, a corporation, sued the defendants, A. E. Smith, J. P. Fulton, J. W. Sykes, R. L. Rich, J. W. Atkerson, J. E. Ashcraft, and C. A. Pevehouse, to recover a joint and several judgment against Smith, Atkerson, Fulton, Ashcraft, and Pevehouse, as principals, and against the defendants Rich and Sykes as indorsers, upon a certain promissory note. The petition alleged the execution and delivery of the note to Sykes and Rich by the other defendants, and the indorsement and delivery of same by the payees to appellant. The note contained this clause:

"The makers, sureties, indorsers, and guarantors of this note severally waive presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against any party hereto, and consent that the time of payment may be extended without notice thereof."

The note also bears the following indorsement:

"Protest and diligence waived.   [Signed] J. W. Sykes.   R. L. Rich."

The defendant Smith answered by general denial, and by adopting the answer of his codefendants as far as applicable. Sykes and Rich answered by special demurrer, general denial, and by special answer, claiming that they were indorsers upon the note, and had been released and discharged from all liability by appellant's failure to protest the note, or to bring suit thereon at the first term of court after maturity, or to the second term, showing good cause for not bringing the suit at the first term.

Defendant Fulton made default, and the defendants Atkerson, Ashcraft, and Pevehouse answered, admitting that appellant was entitled to recover as against them, unless such recovery was defeated by matters affirmatively alleged. Following a general demurrer and general denial, it was affirmatively pleaded by them that they were each sureties upon the note, which fact was known to plaintiff at the time it acquired the note, and that they were each discharged from lia-

bility by reason of appellant's having agreed with the defendant Smith, after the maturity of the note, to two extensions of time of payment for a definite period, each in consideration of the interest to be paid by Smith.

The case was tried before the court without a jury, on the day set for trial, but the appellant and the defendants Smith and Fulton did not appear. The court heard evidence and rendered judgment for appellant against Smith and Fulton for the amount unpaid on the note, with interest, but that it take nothing against the other defendants. The trial court filed the following findings of fact and conclusion of law:

### "Conclusions of Fact.

"I find: That on May 1, 1913, all the defendants, with the exceptions of J. W. Sykes and R. L. Rich, executed and delivered to the said J. W. Sykes and R. L. Rich their promissory note of that date, payable the 1st day of May, 1913, for the sum of $756.80, with 10 per cent. interest from maturity until paid, and which note provided an additional 10 per cent. on the principal and interest as collection fee in case the same was placed in the hands of an attorney for collection or suit is brought upon the same, that this note was by the payees, J. W. Sykes and R. L. Rich, defendants, transferred to the plaintiff by indorsement as follows: 'Protest and diligence waived. [Signed] J. W. Sykes and R. L. Rich.' That when said note became due the same was not paid, and no protest thereof was made, and no suit was filed thereon by the plaintiff until this suit was instituted on the 25th day of November, 1916. That said note contained the following provisions: 'The makers, sureties, indorsers, and guarantors of this note severally waive presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against any party hereto, and consent that the time of payment may be extended without notice thereof.'

"I find that all of the defendants, except the payees, J. W. Sykes and R. L. Rich, and A. E. Smith, the principal maker, were sureties on said note for the principal maker, A. E. Smith. I find that said fact was known to the plaintiff at the time it acquired this note.

"I find that on May 26, 1914, the defendant A. E. Smith made a contract with the plaintiff, whereby the plaintiff, in consideration of the payment of $200 cash on the said note and the further agreement to pay interest on said note until the time of extension, agreed to a definite extension of said note to November 1, 1914, and did further agree that the sureties of the defendant Smith should be released, and that the plaintiff would look alone to said Smith for said money.

"I further find that on November 4, 1914, the time of the foregoing extension having expired, the defendant Smith again made a contract with the plaintiff, in consideration of the payment of $100 on the said note and the further consideration of the payment of the interest thereon, during the time of said extension, to extend the said note to January 1, 1915.

"I find that none of the defendants except the defendant Smith knew of said contract, and did not agree thereto, and that none of them received notice from the plaintiff that said note was not paid, or that the extensions were made, and that they did not in fact know of said extension, and did not know the note had not been paid at the time of the maturity thereof.

### "Conclusions of Law.

"From the foregoing facts I conclude that the defendants J. W. Atkerson, J. E. Ashcraft, C. A. Pevehouse, R. L. Rich, and J. W. Sykes were released as a matter of law by the contract between the plaintiff and the defendant A. E. Smith, and that, if they were not released by the terms of said contract and by the fact of the first extension, the terms of the note, authorizing this said extension, were not satisfied by the first extension, and that the subsequent extensions without the knowledge or consent of the defendants served to release them from their obligation as sureties."

### Opinion.

[1] In view of the waiver clauses contained in the note, we hold that the failure of appellant to protest the note at maturity, or to bring suit at the first or second terms of court after maturity, furnished no defense to the defendants Sykes and Rich, the indorsers. They had expressly waived both protest and diligence in bringing suit. Smith v. Pickham, 8 Tex. Civ. App. 326, 28 S. W. 565; Leeds v. Hamilton Paint & Glass Co., 35 S. W. 77.

[2] As to the court's conclusion of law that the sureties and indorsers were released by virtue of appellant's having agreed to two extensions of the note, without the knowledge or consent of such defendants, the law is settled to the contrary by the decision of the Commission of Appeals, adopted by the Supreme Court, in the recent case of Bank v. Vickery, 206 S. W. 841. Therefore the judgment does not find support in such legal conclusion of the trial court.

[3] The only other ground upon which the judgment could be sustained is the finding of the court that appellant, for a valuable consideration, agreed to two extensions of the note, and did further agree that the sureties of the defendant Smith should be released, and that appellant would look alone to Smith for its money. The extensions of themselves constituted no defense, and did not release the sureties, because they had expressly waived any such result, and by the contract agreed that extensions might be made without notice to them. There is no attack upon the finding of fact by the court that appellant did agree with Smith at the time of the extensions that the sureties should be released, and that he would look alone to Smith for satisfaction of the note. Therefore this finding is conclusive as to the fact; but is claimed, as a matter of fundamental error, that the judgment is not supported upon this issue by any pleadings. We think the claim is sound, and

we fail to find in the record any pleading whatever urging the defense that there was an express contract between appellant and Smith to release the sureties. The defense of discharge from liability, by virtue of the extensions, was limited to the mere fact of the agreement to extend the time of payment for two definite periods of time, in consideration of the interest to be paid by Smith, and it was not alleged that there was any contract or agreement to release the sureties, independently of the legal result claimed to have flowed from the granting of such extensions.

[4] There being no pleadings to support the judgment, the case must be reversed. In the state of the pleadings and the evidence, as found by the trial court, the judgment should have been for appellant against all of the defendants. The statute (article 1626) requires us to render the judgment which should have been rendered by the trial court; there being no fact to be ascertained, within the issues made upon the trial. Of course defendants might amend their pleadings, upon another trial, to embrace the issue of express contract releasing the sureties and indorsers; but a case will not be reversed merely to enable a party to set up defenses which were not pleaded below, but which might have been urged. Hermes v. Vaughn, 3 Tex. Civ. App. 607, 22 S. W. 189, on rehearing, 22 S. W. 817; Stovall v. Gardner, 103 S. W. 405; Gregory v. Montgomery, 23 Tex. Civ. App. 68, 56 S. W. 231; Michigan Savings & Loan Ass'n v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569.

The case will be reversed, and in part here rendered for appellant, and the judgment reformed and affirmed in part.

Reversed and rendered in part. Judgment reformed and affirmed in part.