**BINGHAM et al. v. EMANUEL.  (No. 9414.)**

(Court of Civil Appeals of Texas. Fort Worth. Dec. 11, 1920.)

1. **Venue** ⬅️22(3)—**Plea of privilege should have been sustained, where no cause of action was stated against codefendant.**

Defendant's plea of privilege to be sued in the county of his residence should have been sustained, though action was brought in the county of the residence of the codefendant under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception 4, where there was no cause of action stated against codefendant.

2. **Banks and banking** ⬅️175(2)—**Depositor's petition against bank for delay in collection of check on other bank held insufficient.**

In depositor's action against bank for negligence in collection of check on which payment had been stopped, petition held insufficient, in that it was not alleged that maker of check had money on deposit sufficient to pay the check, and that check would have been paid if payment thereunder had not been stopped.

3. **Pleading** ⬅️8(8)—**Allegation that check would have been paid, if it had been sent direct to bank, held conclusion.**

Allegation, in depositor's petition against bank for delay in collection of check on other bank, "that if said check had been sent direct" to other bank "the same would have been paid," held a conclusion of the pleader, and not an allegation of fact.

Appeal from Wichita County Court; J. P. Jones, Judge.

Suit by F. L. Emanuel against C. S. Bingham and others. From an order overruling a plea of privilege, the named defendant appeals. Reversed and rendered, with instructions.

Smoot & Smoot, of Wichita Falls, for appellant.

Carlton & Putty, of Wichita Falls, for appellee.

DUNKLIN, J.  F. L. Emanuel instituted this suit in the county court of Wichita county against C. S. Bingham and the First National Bank of Iowa Park, Tex., to recover on a check given by Bingham in favor of the plaintiff, drawn on the Dallam County Bank of Texline in the sum of $500. The defendant Bingham filed a plea of privilege to be sued in Dallam county, where he resided, and he has appealed from an order of the court overruling that plea.

The plea was in proper statutory form, duly verified, containing the allegation that Bingham's place of residence was in Dallam county, Tex., when the suit was instituted, when he was served with citation, and when he filed his plea and that none of the statutory exceptions to exclusive venues of the suit in the county of his residence existed, all in accordance with the requirements of article 1903, V. S. Tex. Civ. Statutes, as amended by the Act of the 35th Legislature, passed in 1917, as shown by the Acts of that Legislature on page 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

The plaintiff filed a duly verified controverting plea in reply to Bingham's plea of privilege, in which the allegations in the defendant's plea were denied, and in which plaintiff alleged that the facts upon which he relied to confer venue of the cause in the county of Wichita were that the defendant Bingham resided in Wichita county, and that the defendant First National Bank of Iowa Park, Tex., a banking corporation, had its principal office and place of business in Wichita county, where, its officers resided, as alleged in plaintiff's original petition.

Upon a hearing of the plea of privilege, defendant Bingham introduced in evidence plaintiff's original petition, the citation served upon him in Dallam county, and his plea of privilege, as well as the defendant's controverting plea. He also introduced his own testimony and that of N. A. Copes, which was uncontroverted by any other proof, and was clearly and specifically to the effect that Bingham never resided in Wichita county at any time, and was a resident citizen of Dallam county at the time the suit was filed, and at the time of service of citation upon him, and that he still resides in that county. It was alleged in plaintiff's petition, which, as noted, was introduced in evidence by the defendant, that the defendant—

"the First National Bank of Iowa Park is a banking corporation, doing business in Iowa Park, in Wichita county, Texas, with Tom Corridon as cashier, who resides in Wichita county, Texas."

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] Under subdivision 4 of article 1830, V. S. Tex. Civ. Statutes, providing that, where there are two or more defendants residing in different counties, suit may be instituted against all in the county of the residence of any one of them, the fact that the bank was made a codefendant with Bingham was sufficient to defeat the plea of privilege, if the bank was properly joined with Bingham as a codefendant, and if a cause of action was alleged against it, as well as against Bingham. However, we have reached the conclusion that no cause of action was alleged against the bank and that under such circumstances the court erred in overruling the plea of privilege. The allegations in plaintiff's petition, showing the cause of action alleged against both defendants, are as follows:

"(1) That heretofore, to wit, on the 23d day of April, 1919, the defendant C. S. Bingham, for a valuable consideration, made and executed and delivered to this plaintiff his certain check drawn on Dallam County Bank of Texline, Texas, for the sum of $500, payable to the order of this plaintiff, F. L. Emanuel; that thereafter, on the 24th day of April, 1919, this plaintiff, F. L. Emanuel, indorsed said check and presented the same to said First National Bank of Iowa Park, Texas, in Wichita county, Texas; that said First National Bank accepted said check and paid to plaintiff the said sum of $500.

"(2) That thereafter the defendant C. S. Bingham notified the said Dallam County Bank of Texline, Texas, to refuse payment of said check, which was accordingly done. The defendant First National Bank of Iowa Park, Texas, thereupon and without plaintiff's knowledge and consent charged up plaintiff against his account with said bank with the sum of $500 so paid and credited to plaintiff, and now refused to pay same to the plaintiff, to the plaintiff's damage in the sum of $500 for which he sues and prays judgment.

"(3) Plaintiff alleges that defendant First National Bank of Iowa Park was negligent in the collection of said check from the Dallam County Bank of Texline, and was negligent in not notifying plaintiff that payment on said check had been stopped by defendant Bingham; that said check was cashed by plaintiff at the defendant bank April 24, 1919, and never reached the Dallam County Bank of Texline until April 30, 1919; that defendant bank, First National Bank of Iowa Park, never notified plaintiff that payment had been stopped by defendant Bingham until the 7th day of May, 1919;

that if said check had been sent direct to the Dallam County Bank at Texline the same would have been paid; that by reason of such negligence on the part of defendant bank plaintiff has been damaged in the sum of $500."

[3] In order to show liability of the bank, it would be necessary to allege and prove that, at the time the check in question should have reached the Dallam County Bank, Bingham then had money on deposit sufficient to pay the check, and that he had not then countermanded it, and none of those facts was alleged in plaintiff's petition. The allegation, "That if said check had been sent direct to the Dallam County Bank at Texline the same would have been paid," was but a conclusion of the pleader, and not an allegation of facts necessary to show liability on the part of the bank for its alleged negligence. By a long line of decisions of this state it is settled that, in order to bring a case within the operation of exception 4 to article 1830 of the Statutes, and thus acquire jurisdiction over a nonresident defendant, the pleadings of the plaintiff must be sufficient to show a cause of action against the resident defendant. See K. C., P. & G. Ry. Co. v. Bermea Land & Lumber Co., 54 S. W. 324; Girand v. Barnard, 47 S. W. 482; Beauchamp v. Chester, 39 Tex. Civ. App. 234, 86 S. W. 1055; Groos v. Brewster, 55 S. W. 590.

The foregoing authorities are conclusive and controlling in the present suit, aside from the further questions, not necessary to be decided, whether or not the defendant bank was a proper party defendant in the suit against the defendant Bingham, the suit being against it for tort and against Bingham upon contract, and whether or not, if the bank was improperly made a codefendant with him, the suit would then come within exception 4 to article 1830 of the statutes. See Henderson v. Kissam, 8 Tex. 46; Holloway v. Blum, 60 Tex. 625; Brant v. Lane, 54 Tex. Civ. App. 425, 118 S. W. 229, 139 S. W. 768.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered, sustaining appellant's plea of privilege; and this decision will be certified to the trial court, with instructions to transfer the case to the county court of Dallam county, Tex., in accordance with the provision of the statutes.