GEORGE v. SMITH et al. (No. 8051.)*

(Court of Civil Appeals of Texas. Galveston. May 11, 1921. Rehearing Denied Feb. 9, 1922.)

1. Bills and notes ⟷469—Waiver of protest not alleged against indorser states no cause against him.

Where a waiver of protest is relied on against an indorser of a note, it must be expressly alleged, or the petition will not state a cause of action against the indorser.

2. Appeal and error ⟷910—Court cannot assume action on note not brought in time to fix indorser's liability.

In view of Rev. St. art. 579, fixing the liability of indorsers, without protest or notice, by bringing suit on the note before the first term of court after the right of action accrues or before the second term, if good cause is shown for not proceeding before the first term, where there is nothing on the record to show that an action on a note was not so brought, the Court of Appeals cannot assume that it was not.

3. Bills and notes ⟷469—Pleading in action on note need not negative defense.

Where plaintiff's pleading in an action on a note alleged that defendant indorsed the note, was liable thereon, and bound to pay it, and did not predicate liability solely upon the protest otherwise set up, it was sufficient statement as against general demurrer; plaintiff not being required to negative everything that would defeat the action.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Walter F. Smith and others against Clifton George. From judgment for plaintiffs, defendant appeals. Affirmed.

Mangum & Townsend, of San Antonio, and Carothers & Brown, of Houston, for appellant.

John M. King and Wharton Weems, both of Houston, and J. H. Ranson, of Bryan, for appellees.

GRAVES, J. In this cause appellant, sued in the court below as indorser upon a promissory note which on its face contained an express waiver of grace and protest, complains of an instructed verdict and consequent judgment against the maker of the note and himself. His contention is that neither the pleadings nor proof indicated that proper steps had been taken to fix liability against himself as the indorser of the note, or any excuse for a failure to take them.

The position cannot be sustained. The note itself was in evidence, and, as stated, its terms embraced a specific waiver of both grace and protest; this alone, under our authorities, bound appellant and fixed his liability. Leeds et al. v. Hamilton Paint & Glass Co., 35 S. W. 77; Costin v. Button-Lingo Co., 57 Tex. Civ. App. 634, 123 S. W. 177; Central Bank & Trust Co. v. Hill, 160 S. W. 1099; Newton County Bank v. Montgomery et al., 175 S. W. 803; Archenhold Co. v. Smith et al., 218 S. W. 809; Bank v. Vickery (Com. App.) 206 S. W. 841.

All assignments have been overruled, and the judgment affirmed.

Affirmed.

On Motion for Rehearing.

[1] In his motion for rehearing appellant points out that the waiver of protest we formerly held sufficient to bind him and fix his liability on the note was not alleged in the pleadings declaring upon it.

A re-examination verifies the statement that such is the condition of the record—a fact which in some way escaped our attention on original hearing. In the case of Beauchamp v. Chester, 39 Tex. Civ. App. 234, 86 S. W. 1055, this court directly held that, where a waiver of protest is relied on against an indorser, it must be expressly alleged, else the petition will not state a cause of action against the indorser. The reason given in our original opinion for affirmance of the judgment is therefore no longer sufficient.

[2] It does not follow, however, that the motion for rehearing is good. Under our law the liability of indorsers may also be fixed, without protest or notice, by bringing suit upon the note before the first term of court after the right of action accrues, or before the second term, if good cause is shown for not proceeding before the first term. R. S. art. 579. There is nothing in the record before us to show that this suit was not so brought, and we cannot assume that it was not.

[3] The plaintiff's pleadings below alleged that appellant indorsed the note, was liable to him thereon, and bound to pay it, and did not predicate the liability solely upon the protest otherwise set up. This alone was a sufficient statement of a cause of action, as against the general demurrer, since he was not required to negative everything that might defeat the action. Porter v. Burkett, 65 Tex. 383; Lane v. Bell, 53 Tex. Civ. App. 213, 115 S. W. 918; Jones v. Ellison, 49 S. W. 406; Ashburn v. Evans, 72 S. W. 242.

The motion is overruled.

Overruled.

―――――――

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 29, 1922.