## FAIRBANKS et al. v. HIDALGO COUNTY WATER IMPROVEMENT DIST. NO. 2 et al. (No. 6712.)*

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1923. Rehearing Denied Jan. 23, 1924.)

1. **Waters and water courses ⬤⟲152(5)—Petition held not to allege cause of action to cancel records of certain water appropriations.**

In suit against state board of water engineers to compel board to cancel records and files in its office, of water appropriations made by defendant canal company, assigned to defendant water district, and for general and specific relief, complaint *held* not to state a cause of action against defendant board either for a failure to perform some duty required of it by statute or otherwise.

2. **Venue ⬤⟲22(3)—Plea-to venue properly sustained to petition stating no cause of action against only defendant residing where suit filed.**

A plea to venue in action to declare forfeited certain water appropriations *held* properly sustained to petition which states no cause of action against only defendant who lived in county where suit was filed, in view of Rev. St. art. 1830, subd. 4.

3. **Waters and water courses ⬤⟲133—Assignment of water appropriations and rights held not to work forfeiture and abandonment of rights assigned.**

In view of Vernon's Ann. Civ. St. Supp. 1918, arts. 5002n, 5107—1 to 5107—24, defendants' conveyance by assignment of water appropriations and rights appurtenant to its irrigation system to defendant water improvement district *held* not to work an abandonment

and a forfeiture of such rights conveyed, assuming the conveyance was executed in conformity with the statutes.

**4. Waters and water courses ⬤⟹135—Appropriator's acts held not to constitute failure to prosecute "diligently and continuously to completion" irrigation project.**

Failure of an appropriator of water to build laterals or gates and to furnish water to a particular or small tract of land, where it is shown that appropriator is watering thousands of acres of land under appropriation, would not constitute a failure within Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, to prosecute "diligently and continuously to completion" irrigation project contemplated under appropriation, to extent that it would become duty of state board of water engineers to cancel and annul appropriation, assuming it would be its duty to do so upon failure to complete them, aside from its power to do so.

**5. Waters and water courses ⬤⟹133—Refusal of appropriator to furnish individual water held not to authorize cancellation of water appropriations.**

Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, held not to authorize cancellation of a water appropriation because of failure and refusal of appropriator to furnish one individual, owning a relatively small tract of land within project, thereby jeopardizing rights of numerous other riparian water users none of whom are complaining or made parties; contrary being true, in view of articles 5001ll, 5002a, 5002c, 5002e–5002j.

**6. Waters and water courses ⬤⟹133—State board of water engineers has no power not granted by statute.**

The duties and powers of the state board of water engineers are strictly confined and limited by statutes (Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k), and, if the statutes do not grant the board the power to do a thing, it has no such power; the fact that it has general supervision over the subject not giving it jurisdiction of any and all controversies arising out of the law.

**7. Waters and water courses ⬤⟹133—State board of water engineers held not authorized to cancel records pertaining to declaration for water appropriation.**

Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, relative to water appropriations and power of the state board of water engineers to cancel and annul certain appropriations, held not to make it the duty of the board to cancel and hold for naught the records and files of its office pertaining to a declaration for a water appropriation, and hence the board cannot do those things.

**8. Waters and water courses ⬤⟹133—Notice held necessary to exercise of rights under statute to have water appropriation forfeited.**

Assuming that Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, relative to powers of the state board of water engineers to forfeit water appropriations, are valid, plaintiffs held not entitled to any rights under those statutes until they have complied with their provisions with respect to giving notice of hearing, before board, to parties in interest.

**9. Constitutional law ⬤⟹80(2)—Waters and water courses ⬤⟹128—Statutes under certain construction held invalid as vesting state board of water engineers with judicial powers.**

Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, construed as giving the state board of water engineers power and making it their imperative duty to forfeit and cancel water appropriations when, from the evidence, the board thinks it their duty to do so, held violative of Const. art. 1, § 1, as vesting in the board judicial powers.

**10. Constitutional law ⬤⟹80(2)—State board of water engineers held not empowered to determine whether certain rights condemned in proceeding for that purpose.**

Under Vernon's Ann. Civ. St. Supp. 1918, arts. 4995, 4999, 5001k, the state board of water engineers held not empowered to hear and determine whether plaintiffs' land and riparian water rights have been condemned in a proceeding for that purpose, as provided by law, since that is a judicial matter to be determined by a legally constituted court, in view of Const. art. 1, § 1.

**11. Constitutional law ⬤⟹80(2)—Whether records and files of state board of water engineers are void held judicial question for court's determination.**

If the records and files of the state board of water engineers as to water appropriations are void, the courts, in view of Const. art. 1, § 1, and not the board, are the proper agents of the government to adjudicate the question.

**12. Waters and water courses ⬤⟹133—Filing by state board of water engineers of judgments concerning irrigation matters cancels theretofore existing records contrary to matters filed.**

Under statutes providing that the judgments and decrees of courts concerning irrigation matters must be transmitted by the clerk of such court to the board of water engineers the filing of such judgments and decrees effectually cancels any record theretofore existing contrary to the matter so filed.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit by Margaret McAllen Fairbanks and husband against the Hidalgo County Water Improvement District No. 2 and others. An order was made sustaining pleas to the jurisdiction of the court filed by defendant State Board of Water Engineers, and dismissing such defendant, and an interlocutory order sustaining plea of privilege filed by remaining defendant and transferring venue to another county, and from that judgment plaintiffs appealed. Affirmed.

Jas. A. Harley and Templeton, Brooks, Napier & Brown, all of San Antonio, for appellants Fairbanks.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. A. Keeling, Atty. Gen., and W. W. Caves, Asst. Atty. Gen., for appellees Board of Water Engineers.

Kibbe & Perkins, of Brownsville, and Dougherty, Dougherty & Tarlton, of Beeville, for appellees Louisiana-Rio Grande Canal Co. and Hidalgo County Water Improvement Dist. No. 2.

### Statement of Case and Pleadings.

BLAIR, J. This is an appeal from an order of the district court sustaining certain pleas to the jurisdiction of the court, filed by the appellee state board of water engineers, and dismissing it from the suit, and from an interlocutory order sustaining a plea of privilege, filed by appellees Hidalgo county water improvement district No. 2 and the Louisiana-Rio Grande Canal Company.

The suit, in so far as this appeal is concerned, was brought by appellants, Margaret McAllen Fairbanks, joined by her husband, George Fairbanks, against the state board of water engineers, Hidalgo county water improvement district No. 2, and the Louisiana-Rio Grande Canal Company, to declare forfeited several water appropriations made by the said canal company and assigned by it to the Hidalgo county water improvement district No. 2, and to require the state board of water engineers to cancel and hold for naught the records and files in its office of the water appropriations made by the canal company assigned to the district, and under which the said district clothed itself with the right to commit the various trespasses alleged, because of an alleged failure of the parties to complete the appropriations as required by law.

We have found it very difficult to ascertain the exact grounds of complaint against the board of water engineers, since the pleadings deal in generalities and conclusions of the pleaders and are interwoven with allegations of fact whereby the pleaders seek to hold the other appellees in trespass of their lands, because of an alleged breach of a contract between them and appellants' predecessors in title relative to furnishing water for irrigation purposes. However, appellants suggest an abandonment of all pleadings as to the contract on this appeal, and we gather from the whole pleadings the following with reference to the board of water engineers. It is alleged:

That on April 24, 1910, appellee Louisiana-Rio Grande Canal Company, hereinafter designated canal company, properly filed a declaration to appropriate water from the Rio Grande river with which to irrigate 32,000 acres of land in Hidalgo county, Tex., and later, on July 16, 1910, declared to appropriate water for an additional 30,000 acres, and since then numerous other declarations were made by it under the irrigation laws of Texas.

That on December 31, 1920, appellee canal company, without the knowledge or consent of appellants, conveyed to appellee, Hidalgo county water improvement district No. 2, hereinafter designated district, all its rights in the various appropriations, and that the appropriations thereby became forfeited; but notwithstanding such forfeiture said district is in possession of and unlawfully entering, withholding, and trespassing upon appellants' land under and by virtue of this assignment, and diverting water to its use, to the prejudice of appellants, without their consent, without a lawful permit from the state of Texas, without securing a permit for lawful appropriation of the public waters, which the waters of the Rio Grande river have been declared to be, and without condemning the land and water rights as provided by law; that the declaration for water appropriation by the canal company was under the Acts of 1895 and subsequent acts, which declaration was legally filed in the office of the county clerk of Hidalgo county, as provided by the irrigation law, and later, in accordance with an amendment to such law, was filed and is on record in the office of the state board of water engineers, hereinafter designated board, in Travis county, Tex.; that the canal company, by assignment, abandoned its appropriation of water, and ceased to use or furnish water under it, and such right was therefore forfeited, and the appropriation void, and ought to be canceled; that the district forfeited its right as an appropriator of water, by a failure and refusal to complete its irrigation system, as required by article 4999, Revised Statutes, in that it neither built laterals or gates, nor furnished any facilities to supply water to appellants, as riparian water owners affected by said appropriation, as required by law.

That appellants had notified the board of the unlawful appropriations of water by appellees, but the board refused to require them to make a lawful appropriation, and the various acts and trespasses complained of by appellants against appellees canal company and district were done with the full consent and connivance of the board, which refuses to restrain the district in its unlawful use of the waters; that the maintenance and use of the unlawful files and records are prejudicial to appellants and other water owners, and furnish a shield by which appellees may defraud others, and are contrary to public policy, and therefore the board ought to be made to cancel them.

The prayer against the board is that they be required to cancel and hold for naught the records and files of the canal company under which the district is claiming the rights of water appropriation and possession of the lands, and for general and special relief.

The appellees, canal company and district, filed a plea of privilege to be sued in Hidalgo

county. The plea of privilege was controverted by appellants solely upon the ground that venue as against the board of water engineers was fixed by law in Travis county, in a suit where it is a necessary or proper party, and that being true the other appellees could be joined with it there. So, if the pleas of the board of water engineers that the court had no jurisdiction over it in this suit be sustained, then as a matter of course the plea of privilege should be sustained.

The board of water engineers filed three separate pleas to the jurisdiction. The first plea was to the effect that, in so far as this was a suit against said board, it was a suit against state officers and the court was without jurisdiction to grant relief. The second plea was to the effect that, as this was not a suit seeking relief concerning or in respect to any decision, rule, rate, charge, order, or act of regulation made by said board, the court was without authority to hear it. The third plea was to the effect that the court was without jurisdiction to make an order with reference to canceling the records in its office because the board had no authority or power to cancel said records and was charged with no duty in respect thereto, but that, if it did have any such power, the exercise of the same was discretionary with said board.

The court overruled the first plea to the jurisdiction filed by the board of water engineers, but sustained its second and third pleas, and dismissed the board of water engineers from the suit. Thereupon the plea of privilege of the Hidalgo County Water Canal Company was sustained and the case ordered transferred to the District Court of Hidalgo County. To these several actions of the court plaintiffs excepted and gave notice of appeal.

Opinion.

[1] Numerous assignments are made by appellants in their brief, but it is conceded that only one question is presented by this appeal for determination. The question is: Is the state board of water engineers a necessary or proper party to this suit under appellants' pleadings? No evidence was introduced upon the hearing of the pleas to the jurisdiction of the court presented by the board; hence it must be determined from the allegations of appellants' petition whether it is a necessary or proper party to the suit. In other words, does the petition allege a cause of action against the board of water engineers? Appellants controverted the plea of privilege solely upon the ground that their cause of action against the board was one authorized to be filed by the statutes, and that the statutes in such cases fixed venue as against it in Travis county, the seat of the state government, and headquarters for the board. Appellants contend that, having properly fixed venue as to one defendant concerning the same matter, they were entitled to invoke the provisions of article 1830, subd. 4, of the Revised Statutes as to venue against the other defendants. Strictly construing the controverting plea, if it should be held that appellants did allege a cause of action upon a matter not specified by the statutes against the board, and that it could properly be maintained, it would avail appellants nothing, as they are limited to the exact grounds set forth in such controverting plea to fix venue.

[2] However, we are of the opinion that the petition alleged no cause of action against the board of water engineers, either for a failure to perform some duty required of it by statute or otherwise, and it is the well-settled law that a plea to the venue is properly sustained to a petition which states no cause of action against the only defendant who lived in the county where the suit was filed. Article 1830, subd. 4, Revised Statutes; Girand v. Barnard (Tex. Civ. App.) 47 S. W. 482; Railway Co. v. Lumber Co. (Tex. Civ. App.) 54 S. W. 324; Railway Co. v. Waddell Bros., 38 Tex. Civ. App. 434, 86 S. W. 655; Beachamp v. Chester, 39 Tex. Civ. App. 234, 86 S. W. 1055; Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 119; Shaw v. Stinson (Tex. Civ. App.) 211 S. W. 505; Bingham v. Emanuel (Tex. Civ. App.) 228 S. W. 1015.

[3] The first contention by appellants, that the assignment by the canal company to the water district of its various water appropriations and the rights appurtenant to its irrigation system constituted an abandonment and a forfeiture and a failure to complete the project, is without merit. Article 5002n, Vernon's Statutes 1918, provides the manner by which appropriations and irrigation systems may be conveyed. Articles 5107—1 to 5107—24, inclusive, expressly authorize irrigation districts, like appellee Hidalgo county water improvement district No. 2, to acquire all the property of existing irrigation systems within the created district. No contention is made that the conveyance was not executed in conformity with these statutes. It was, without doubt, the intention of the Legislature in enacting these statutes to authorize a right of assignment of all water appropriations and irrigation systems. To announce any other rule of construction of these statutes would be nothing less than to destroy the very purpose for which they were enacted. The rule of construction placed upon similar statutes of the states from which our irrigation statutes were copied is to the effect that water appropriations, permits, and irrigation systems may be sold and assigned without invalidating the appropriation. Wiel on Water Rights in Western States (3d Ed.) vol. 1, p. 448, and cases cited.

[4, 5] Appellants' second proposition or contention is not sustained. By this conten-

261 S.W.—35

tion it is claimed by appellants that the appellees canal company and water district No. 2 forfeited their various water appropriations and subjected them to annulment and cancellation by an alleged failure on their part to build laterals and gates, and properly furnish appellants' land with water as riparian owners, within the time prescribed by statute for appellees to do so under and by virtue of their said appropriations, and that such refusal to build laterals, etc., constituted a failure to complete the irrigation project under the appropriations as contemplated by articles 4995, 5001k, and 4999, Vernon's Statutes, 1918 Supp.; that it immediately became the duty, power, and right of the state board of water engineers, in virtue of the provisions of these statutes, upon being notified of such failure on the part of the appropriators to build laterals, etc., to proceed to give notice as required by law, and after a hearing declare the apropriations void, and proceed to cancel and annul them. This proposition cannot be sustained for various reasons.

It cannot be sustained in the first place because the petition does not allege, with any degree of certainty, that appellants' lands were situated so as to be entitled to receive water for irrigation purposes from these appropriations; but, to the contrary, the trend of the petition is that the appropriators have breached a private contract with appellants and their predecessors in title to so furnish water to their lands. Nor is it anywhere alleged in the petition that appellees, as appropriators of water rights, failed to prosecute "diligently and continuously to completion" the work and development contemplated by the statutes, which is the test prescribed for declaring water appropriations void for failure to complete the irrigation project contemplated. The failure of an appropriator of water to build laterals or gates, and to furnish water to a particular or small tract of land, where it is shown that the appropriator is watering thousands of acres of land under the appropriation, would not constitute a failure within the meaning of the statutes to prosecute "diligently and continuously to completion" the irrigation project contemplated under the appropriation, to the extent that it would become the duty of the board to cancel and annul the appropriation, were it the incumbent duty of the Board to cancel and annul appropriations for failure to complete them, and aside from the question of the power of the Board to do so as a matter of law. Clearly it was not the purpose of these statutes to authorize a cancellation and annulment of a water appropriation because of the failure and refusal of the appropriator to furnish one individual, owning a relatively small tract of land within the project, to jeopardize and destroy the rights of numerous other riparian water

users being supplied under the appropriation, none of whom are complaining, nor are they made parties to this suit. The contrary is the evident purpose of the statutes, because of the complete and effective remedy given riparian owners aggrieved as appellants by articles 5001*ll*, 5002a, 5002c, 5002e, 5002f, 5002g, 5002h, 5002i, and 5002j; also see Lastinger v. Toyah Valley Irrigation Co. (Tex. Civ. App.) 167 S. W. 788; Knight v. Oldham (Tex. Civ. App.) 210 S. W. 567; Boyd v. Motl (Tex. Civ. App.) 236 S. W. 487.

[6, 7] In the second place, appellants would not be entitled to have an order requiring the board to annul and cancel its records and files of these appropriations, because there is no statute authorizing or requiring, or making it the duty or power of the state board of water engineers to cancel and hold for naught the records and files of its office pertaining to a declaration for a water appropriation. Appellants' prayer for relief against the board is that it be required to cancel and hold for naught its records and files evidencing the various appropriations of the canal company and district No. 2. The statutes relied upon by appellants do not authorize such procedure. They are as follows:

Article 4995: "If any appropriator under this act, or other law of this state, has failed or fails to begin the work and development contemplated by his declaration of appropriation within the time provided in the law under which the same was or is made, or has failed or fails, to prosecute the same with all reasonable diligence toward completion, his right to so much water as has not been applied, or is not applied, to beneficial use, as defined in section nine [article 4995aa] of this act shall be considered as, and shall be, forfeited, and such water shall be subject to new appropriation under this act. * * *

"If a permit for the use of such water has been issued, or is issued, under this act, or under the act approved April the 9th, 1913, such water shall not be subject to new appropriation until the permit is canceled by the board in whole, or in part, in accordance with the provisions of section 33 [article 4999] of this act."

Article 5001k: "Any appropriation or use of water heretofore made under any statute of this state or hereafter made under the provisions of this act which shall be willfully abandoned during any three successive years, shall be forfeited and the water formerly so used or appropriated shall be again subject to appropriation for the purposes stated in this act."

Article 4999: "If any applicant to whom a permit is issued or one owning prior appropriation shall after beginning the actual construction of work, as provided in this section, fail to thereafter prosecute the same diligently and continuously to completion, the board may, after thirty days notice to the applicant or owner of such appropriation, and giving him an opportunity to be heard, by an order entered of record, revoke and cancel such permit or appropriation in whole or in part; provided any

party affected by such order shall have the right of appeal to the district court as in this act provided."

The board's duties and powers are strictly confined and limited by statutes. If the statutes do not grant the board the power to do a thing, then it has no such power. The fact that it has general supervision over the subject does not give it jurisdiction over any and all controversies that may arise out of the operation of the law.

[8] In the third place, it is nowhere alleged that the parties at interest within the contemplation of these statutes had been given notice of a hearing upon the matters complained of before the board, or that the board had ever received any notice of such, or that any such hearing as contemplated by these statutes had been had in this case. Conceding, for the sake of the point involved only, that these statutes are valid, appellants have no right under them until they have complied with their provisions.

[9] In the fourth place, conceding for the sake of the point involved only, that appellants had done all that was required of them to invoke the aid of the statutes above set forth, and conceding further that the matters complained of were such as it became the mandatory duty of the board to act upon and determine, still appellants are not entitled to the relief provided in these statutes, as the Supreme Court has held similar statutes under the irrigation laws to be in conflict with article 1, § 1, of the state Constitution, and therefore void, in that it was an attempt on the part of the Legislature to authorize the state board of water engineers, who are declared by the opinion to be officers of the executive department of the government, to hear and determine purely judicial matters. The Constitution reserves this power in the court alone.

It is true that the articles of the statutes involved in the present case are not the ones specifically mentioned in the case of State Board of Water Engineers v. McKnight (Tex. Sup.) 229 S. W. 301, but the principle involved is not different. Appellants not only admit, but contend, that the statutes relied upon by them give the board not only the power and right to hear and determine the various matters set forth as to the determining of the completion of an irrigation project under a declaration made by them for an appropriation, also as to whether or not there has been an abandonment of the project for three successive years, also as to hearing and determining from the evidence whether or not the appropriation should be canceled and annulled, but that it is made their imperative and mandatory duty to comply with the provisions of these statutes, and to forfeit and cancel water appropriations when, from the evidence, they think it their duty to do so. It is also contended that

where the facts establish an abandonment or failure to complete the project under the appropriation, that the board ought to and can be made to cancel and annul the appropriation in, a proper proceeding by the courts. To authorize such procedure on the part of the board would clearly authorize complaints involving these statutory matters to be lodged with it; to issue notice to the party or parties complained of to appear and defend against the matters complained of; to hear testimony; to define what was meant by the term to prosecute "diligently and continuously to completion" the irrigation project; to define abandonment as it relates to irrigation projects under water appropriations; to determine vested rights and priorities of both the appropriator and the riparian owner; and by written decision forfeit and cancel the appropriation; which acts would involve every act of a legally constituted court in hearing and determining a cause before it. To permit this procedure and grant appellants' prayer to compel the board to cancel and hold for naught the various appropriations of appellees canal company and district would in effect deny them their constitutional right of a recourse of the courts to hear and properly adjudicate the various matters complained of by appellants against them, and would also deny them the right of a judicial determination of their vested rights as appropriators of water, which appellants' petition alleges to exist to the extent that a project had been established which was in fact watering thousands of acres of land. Such proceeding would also wholly disregard the vast expenditures of money by the appropriators which must have been necessary to have established an irrigation plant capable of caring for thousands of acres of land.

Without question, these statutes relied upon by appellants must come within the same inhibition of the Constitution as those specified in the McKnight Case, supra, and in the Boyd v. Motl Case, 236 S. W. 487, decided by this court.

[10] For the same reason we are of the opinion that the board has no authority whatever to hear and determine the question of whether or not appellants' land and riparian water rights have been condemned in a proceeding for that purpose as provided by law. This is clearly a judicial matter, and can only be determined by a legally constituted court.

[11, 12] Likewise is the contention that it was the imperative duty of the board as a matter of public policy to cancel and hold for naught the records and files of these alleged illegal appropriations, in order that they might not be made to stand as a shield to defraud others, a question for judicial determination. If the records and files are void, the courts are the proper agents of

the government to adjudicate the question. It is provided by these statutes that the judgments and decrees of courts concerning irrigation matters must be transmitted by the clerk of such court to the board. Upon the filing of the same by the board it effectually cancels any record theretofore existing contrary to it.

Appellants cite the following cases, which we do not consider in point in this case: Vanderbilt v. Mitchell, 72 N. J. Eq. 927, 67 Atl. 103; Randazzo v. Roppolo (Sup.) 105 N. Y. Supp. 481; Kern v. United States, 257 U. S. 147, 42 Sup. Ct. 61, 66 L. Ed. 175; Baldacchi v. Goodlet (Tex. Civ. App.) 145 S. W. 328.

We find no error in the judgment, and it is affirmed.

Affirmed.