**SLOAN v. DAHL et al.**

No. 8386.

Court of Civil Appeals of Texas. San Antonio. March 19, 1930.

Rehearing Denied April 23, 1930.

Matlock & Kelley, of San Antonio, for plaintiff in error.

J. C. Dougherty, of Beeville, for defendants in error.

FLY, C. J.

This suit was instituted by four Dahls and Mrs. Dora Northrup, four sons and only daughter of George J. Dahl, deceased, his only children and heirs, against W. W. Sloan, Jr., as the independent executor of the estate of W. W. Sloan, deceased, and R. S. Hubbard and S. M. Hubbard, on a promissory note executed by the elder Sloan and the two Hubbards, for the sum of $2,400, dated December 24, 1924, due and payable one year after date, at Beeville, Tex. There was a credit of $400 on the principal. A plea of privilege to be sued in Bexar county was filed by the executor and overruled by the court. The executor answered the petition of the plaintiffs, and also sought to recover on a cross-action against the Hubbards.

The cause was heard by the court and judgment rendered in favor of the defendants in error the four Dahls, for the sum of $2,604.80, principal, interest, and attorney's fees due on the note, as against W. W. Sloan, executor, and R. S. Hubbard and S. M. Hubbard, but recovery was denied Dora Northrup and her husband, F. E. Northrup. Judgment was also rendered in favor of W. W. Sloan, executor, as against the Hubbards for $2,604.80, on his cross-action.

This writ of error is prosecuted by W. W. Sloan, executor, as against all the parties.

█ The statement of facts is largely composed of pleadings, citations, and returns thereon, plea of privilege, controverting answer, and judgments, all of which should be portions of the transcript of the record and should not incumber a statement of facts.

The note for $2,400, upon which the suit is founded, was executed on December 24, 1924, by R. S. Hubbard, S. M. Hubbard, and W. W. Sloan, and was a joint and several note payable to the "Estate of Geo. J. Dahl, at Beeville, Texas," due and payable one year after date. On the back of the note were indorsed a payment of interest of $192 on January 4, 1926, the same amount of interest on January 10, 1927, and $400 on the principal on the same date. The payments were made by Dr. S. M. Hubbard the father of R. S. Hubbard. The testimony of Dr. Hubbard showed that he made all the payments and that at least one extension of payment of the note for one year was granted by Mrs. Moore, an aunt and agent of the Dahls. He and S. M. Hubbard swore that Dr. Hubbard and W. W. Sloan were sureties on the note. S. W. Sloan, executor, knew nothing about the note until payment was demanded of the estate. He was not a party to the extension and knew nothing about it.

█ Under the statutes of Texas, the presentation to and allowance or rejection by an independent executor is not necessary to sustain a suit on a claim against such estate. It is true that in the case of Yeager v. Bradley, 246 S. W. 688, it was held by the Court of Civil Appeals of the Third district, through Judge Jenkins, that no action can be maintained against an estate until it is presented to the independent executor and approved or rejected by him, but that point was not really involved in the case and it was purely obiter dictum. The case of Graham v. Vining, 1 Tex. 639, cited as sustaining the decision, does not touch on the subject. It is true that the Supreme Court refused a writ in the Yeager v. Bradley Case, but it was undoubtedly done on the only ruling necessary in the case, and that was that it is not legal to appoint an administrator when one has already been appointed and is acting. The case of Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625, 630, correctly holds: "When an estate is being administered by an independent executor, as here, it is wholly unnecessary for one holding a claim against the estate to present it to such independent executor for allowance or classification within one year." As said in that case, the county court has no control over the independent executor, and it might, with the same reason, be held that a claim against any debtor must be presented to him as a condition precedent to a suit. The last-cited decision is fully sustained by the Supreme Court in Smyth v. Caswell, 65 Tex. 379, and Huppman v. Schmidt, 65 Tex. 583. The first proposition is overruled.

██ The testimony tends to show that an extension of the note was given by Mrs. Moore, the agent of the Dahls, but that will not avail the executor, because the testator

specifically waived the right to interpose a defense on account of extensions, want of protest, or notice. Archenhold Co. v. Smith (Tex. Civ. App.) 218 S. W. 808. It is true that the Dahls did not exercise diligence in suing so as to obtain judgment against R. S. Hubbard before he became insolvent but that lack of diligence would not release the surety from liability. As said by the Court of Appeals of New York, in Howe Machine Co. v. Farrington, 82 N. Y. 121: "The rule is well settled that in order to exonerate a surety by delay of the creditor to proceed against the principal, the surety must show explicit notice or request to the creditor to take legal proceedings to collect the debt or enforce the liability of the principal." The authorities are unanimous in holding that mere failure to prosecute a suit against the principal will not discharge the surety. Brandt, Sur. & Guar. §§ 505, 506, 507.

We reiterate that mere delay and passivity on the part of the payee does not discharge the surety, even when during the delay the principal becomes insolvent and the surety is deprived of all means of reimbursement. Daniel on Neg. Instr. §§ 1326, 1339, and authorities cited in footnotes.

We conclude that the writ of error is without merit, and the judgment will be affirmed.